## Richmond et al. v. Lay.

(Decided Nov. 1, 1935.)

BAILEY P. WOOTTON, Attorney General, and WILLIAM R. ATTKISSON, Assistant Attorney General, for appellants.

WOODROW BURCHETT for appellee.

OPINION OF THE COURT BY JUDGE STITES—Reversing.

This is an appeal from a judgment of the Franklin circuit court under which the appellee, a school teacher, was granted a mandatory injunction requiring the appellants, who are, respectively, the superintendent of public instruction and the director of certification of the department of education, to issue to her a teacher's certificate extending her present certificate, which expired June 30, 1935, for life. The only authority for the issuance of a certificate for life is to be found in chapter 13 of the Acts of the General Assembly passed at its special session in 1934. It is argued on behalf of the appellants that chapter 13 is unconstitutional and invalid (1) because it violates section 51 of the Constitution of Kentucky, and (2) because the act is not within the scope of the Governor's proclamation calling the special session and is therefore invalid under the provisions of section 80 of the Constitution of Kentucky.

The essential part of chapter 13 is contained in section 1, which provides:

"That certificates issued to any teacher, which certificate expires in the year 1934, shall be extended one year beyond its expiration; and such extension shall be made or issued by the department of certification of the State Department of Education upon application from the teacher, together with a signed statement from the superintendent of the county or city in which said teacher making such application taught, certifying that said teacher had taught either in the school years 1932-1933 or the school years 1933-1934; provided, however, such

application shall be accompanied by a fee of Two Dollars [$2.00], to be collected by the Department of Education and delivered to the State Treasurer to be credited to the General Expenditure Fund.

"*Any teacher who has taught for more than twenty years prior to the effective date of this Act, shall have a certificate issued for life.*

"All laws or parts of laws in conflict herewith are hereby repealed."

If we are to sustain all or any part of section 1 of chapter 13, it must be because the section falls under the following clause of the proclamation convening the General Assembly and providing for its consideration, amongst others, of the following subjects:

"To enact such measures as will provide sufficient revenue to carry on all proper functions of the State Government, including common schools and higher institutions of learning, and to provide necessary funds for relief of the unemployed and distressed of the State; and to repeal any laws in conflict with such measures." Acts 1934, Ex. Sess., p. VIII.

Section 80 of the Constitution authorizes the Governor to convene the General Assembly on extraordinary occasions, but provides:

"When he shall convene the general assembly it shall be by proclamation, stating the subjects to be considered, and *no other shall be considered.*"

The purpose of this provision is to give notice to the public of the subjects to be considered, in order that persons interested may be present if they desire, and also it is a check upon legislative action, that no matters outside the proclamation shall be acted on.

So much of chapter 13 as authorizes the extension of certificates upon the payment of a fee of $2 may fairly be said to come within the intendment of the call, as a revenue measure. Talbott v. Jones, 258 Ky. 449, 80 S. W. (2d) 566. It will be observed, however (if we assume, as we must to sustain any of it, that chapter 13 is a revenue measure) that the class taxed is expressly limited (1) to teachers who have taught in the school year 1932-1933 or the school year 1933-1934, (2) whose certificates expire in 1934. This is the only class upon which a tax is placed. The act, however, goes on to say:

"*Any* teacher who has taught for more than twenty years prior to the effective date of this Act, shall have a certificate issued for life."

Plainly, this is not a limitation upon the previous classification nor an exemption from the payment of the fee provided for the extension of the certificate expiring in 1934. It does not purport to be limited to teachers who actually taught in 1932, 1933, or 1934. It does not relate simply to teachers who have taught for twenty years and whose certificates expire in 1934, nor does it mention the *extension* of certificates at all. Instead of extending certificates already issued, it provides for the *issue* of certificates, a very different matter. In other words, the provision for issuing certificates for life does not in any way relate to the provision for extending certificates expiring in 1934 for a period of one year. The remainder of the act, by its terms, is no longer operative—unless, perchance, there is some teacher with a certificate expiring in the last two months of 1934 who may seek an extension now for so much of one year as remains—for the act only authorizes the *extension* of certificates expiring in 1934 for a period of one year beyond their expiration. Nothing is said as to what will happen to certificates expiring after 1934. Actually, therefore, if we should adopt the construction placed on the act by the trial court, there will soon be nothing left of it except the provision here involved, suspended in mid-air, like Mahomet's coffin, having no connection with the raising of revenue or any other provision of the Governor's proclamation. There is nothing in the proclamation which could possibly justify an act that did nothing but permit the issue of teachers' certificates for life. Even if it be conceded that the law relates to but one subject, to wit, teachers' certificates, and thus does not conflict with section 51 of the Constitution, we are still confronted by the proposition that the issuing of certificates for life is in no way a part of the revenue-raising feature of the act. It would be an absurd discrimination, not to be imputed to the Legislature, to say that the provision only related to those teachers who (1) had taught for more than twenty years, (2) had taught during the school years 1932-1933 or 1933-1934, and (3) had certificates which expired in 1934. This would be arbitrary selection, not classification. It would do appellee no good, for her certificate expired in 1935. The provision relates to

any teacher, while the tax relates only to a particular class of teachers. It is in no sense a regulation under a taxing statute. The proclamation calls for the raising of revenue. It does not mention teachers' certificates. The provision here involved is not within the terms of the call. Plainly, it cannot be saved by the other entirely unconnected and now defunct features of the act. The link is too tenuous to bear the weight.

We think that the words "any teacher who has taught for more than twenty years prior to the effective date of this Act, shall have a certificate issued for life," may properly be deleted without affecting either the classification or the intent of the chapter as a whole. The fact, however, that these words must be deleted from the act necessarily requires the reversal of this judgment.

Judgment reversed for proceedings consistent herewith.

Whole court sitting.