## Trenton Graded School Dist. v. Board of Education of Todd County et al.

May 23, 1939.

608

TRIMBLE & TRIMBLE for appellant.

O. P. ROPER for appellees.

OPINION BY JUDGE REES—Sustaining motion and dissolving temporary injunction.

This case is before me on a motion to dissolve a temporary injunction granted by the Judge of the Todd Circuit Court. The question presented involves the constitutionality of Chapter 40 of the Acts of the General Assembly, now Section 4399-4a, Kentucky Statutes Supp. 1938, passed at the First Extra 1938 Session. The act is entitled: "An Act authorizing independent school districts to annex county subdistricts or parts thereof," and reads in part:

"Any independent school district may annex and unite as a part of the independent school district any county subdistrict or subdistricts, or parts thereof, lying adjacent to the independent school district, subject to the following provisions."

Then follow provisions for submitting the question of annexation to a vote of the people residing in the territory to be annexed.

An independent graded school district, embracing the city of Trenton and adjacent territory in Todd County, has been maintained a great many years. The district contained fewer than 200 children of school

age. At the regular 1938 session of the General Assembly, Section 4399-3 of the Kentucky Statutes was amended so as to provide that independent graded school districts having less than 200 pupils of school age should not continue to operate unless permitted to do so by the State Board of Education. The Act provided that the State Board of Education might permit an independent graded common school district, existing at the time of its passage, with a census enumeration of white children below 200, to operate as a temporary independent school district for one-year periods. Acts 1938, Chapter 147. During the summer of 1938, the Board of Education of Todd County and the Board of Education of the Trenton Graded School District, as authorized by the Act passed at the First 1938 Extra Session of the General Assembly, designated certain territory lying adjacent to the Trenton Graded School District and submitted the question of annexing the territory to the independent school district to a vote of the people residing in the territory proposed to be annexed. At an election held in accordance with an order entered by the two boards, the residents of the territory voted almost unanimously for annexation. In the annexed territory there are 87 white children and 71 colored children of school age. Mrs. Sarah Carneal, attendance officer for common schools in Todd county and also for the Trenton Graded School District, declined to report these children as residents of the graded school district on the ground that Chapter 40 of the Acts of the General Assembly passed at the First 1938 Extra Session was unconstitutional and the attempted annexation of the territory in question therefore was void. On April 26, 1939, the Board of Education of the Trenton Graded School District, and others, brought an action against the Board of Education of Todd County, Claude Hightower, superintendent of schools for Todd county, and Mrs. Sarah Carneal, attendance officer for the common schools of Todd county and for the Trenton Graded School District, to have the names of the children of school age residing in the annexed territory included in the certification of names of children residing in the Trenton Graded School District. They asked for a mandatory injunction requiring the defendant Mrs. Sarah Carneal to certify before June 1, 1939, to Claude Hightower, superintendent of county schools for Todd county, and to the Boards of Education of Todd County and the Trenton Graded School District the names of all

children of school age in the annexed territory as resident pupils and entitled to attend the schools in the Trenton Graded School District and to have their pro rata portion of the common school funds of the state turned over to the treasurer of the Trenton Graded School District, and requiring the defendants on or before July 1, 1939, to certify the names of said children as resident pupils of the Trenton Graded School District to the Superintendent of Public Instruction at Frankfort, Kentucky. The defendants demurred to the petition, and, without waiving the demurrer, filed an answer setting out facts which they alleged showed that Chapter 40 of the Acts of the First Extra Session of 1938, under which the annexation was had, was unconstitutional, since it was not embraced within the original proclamation of the Governor convening the Legislature in special session, and was not embraced in any amendment thereto. The circuit judge granted a temporary injunction as prayed for in the petition.

The propriety of the order granting the injunction turns on the validity of Chapter 40 of the Acts of the General Assembly passed at the First Extra Session of 1938, and in turn the validity of the Act must be determined by the answer to the question: Was it embraced in the Governor's proclamation of March 2, 1938, convening the Extra Session, or the amended proclamation of March 17, 1938?

Section 80 of the Constitution of Kentucky expressly provides that, when convened in extraordinary session, the General Assembly shall consider no subject except that for which they were specially called together. Such a provision is mandatory, and limits the power of the General Assembly to the enactment of such laws as relate to subjects stated in the governor's proclamation. In 25 R. C. L. page 806, it is said:

"Constitutional provisions limiting the scope of legislation at special sessions are mandatory, and any law enacted at a special session is void if it is not the subject or subjects designated by the executive's call or message, even though it has been approved by the governor."

Section 80 of the Constitution, after authorizing the Governor to convene the General Assembly on extraordinary occasions, provides:

"When he shall convene the general assembly it

shall be by proclamation, stating the subjects to be considered, and no other shall be considered.''

The Governor's proclamation of March 2, 1938, named fifteen subjects to be considered by the General Assembly at the Extra Session. The eighth subject listed in the proclamation was the only one relating to education, and it reads:

''To pass an act making provision for teachers retirement benefits effective not earlier than June 30, 1940.''

It is not contended that the subject-matter of the Act here in question was embraced in that item. On March 17, 1938, the Governor's proclamation was amended by adding thirty-four subjects for consideration by the General Assembly. Items 18, 19, and 32 pertain to schools. It is conceded that item 18 has no application to the question before me. Item 19 of the amended proclamation reads:

''To pass an Act repealing, amending and reenacting Sections 4257-59 through 4527-80, Carroll's Kentucky Statutes, Baldwin's 1936 Revision, and making provision for the establishment and maintenance of a Negro vocational school at Paducah, Kentucky, provided appropriations therefor for the biennium beginning July 1, 1938, shall not exceed a total of seventy-nine thousand dollars ($79,000.00.).''

And item 32 reads:

''To pass an Act to provide approved high school service for all pupils.''

If the Act now under consideration is valid, it is because its subject-matter was embraced in one of these items of the amended proclamation. Plaintiffs rely chiefly upon item 32, and argue that the Act authorizing independent graded school districts to annex adjacent territory is germane thereto. In response to the Governor's request that it pass an act to provide approved high school service for all pupils, the General Assembly did consider the subject, and passed a comprehensive act providing high school service for all pupils and requiring Boards of Education to arrange for such service for pupils residing in districts where high schools were not available. Chapter 12 of the Acts of the First Extraordinary Session of 1938, Section 4363-5a, Kentucky Statutes, 1938 Supplement. The General Assembly, in

considering a subject named in the proclamation calling it into extraordinary session, is not required to include all of its legislation thereon in a single act, but all of its legislation must be responsive to the call. Here Chapter 12 of the Acts of the Extra Session was responsive to the call in every respect, and covered the subject named completely by providing means for every pupil to obtain high school service. Chapter 40 does not mention high school service, and deals solely with the annexation of territory by an independent school district. Clearly the purpose of the Act was to enable independent school districts to extend their boundaries, and the fact that high school pupils residing in the annexed territory may, after the annexation, attend the high school maintained by the annexed district, is only incidental. By the provisions of Chapter 12, they can attend the high school in the independent school district if an approved high school it not maintained in the district of their residence. In construing the last sentence of Section 80 of the Constitution, the Court of Appeals said, in Richmond v. Lay, 261 Ky. 138, 87 S. W. (2d) 134, 135:

"The purpose of this provision is to give notice to the public of the subjects to be considered, in order that persons interested may be present if they desire, and also it is a check upon legislative action, that no matters outside the proclamation shall be acted on." To the same effect is Stickler v. Higgins, 269 Ky. 260, 106 S. W. (2d) 1008.

Item 32 of the amended proclamation of March 17, 1938, did not notify the public that the General Assembly was authorized to pass an act providing for the annexation of territory by an independent school district.

Plaintiffs also argue that item 19 of the amended proclamation is authority for the act in question. They say Section 4257-59 through 4527-80 of the Kentucky Statutes include practically all of the school laws of the state, and therefore Chapter 40 of the First Extra Session of 1938 can be treated as an amendment of any one of a number of sections dealing with schools and school districts. Section 4257-59 in item 19 of the Governor's amended proclamation patently is a clerical error. The context of the whole item shows that Section 4527-59 was intended. Evidently the typist, through mistake, transposed the figures 2 and 5. There was no Section 4257-59

in the 1936 edition of the Statutes, but there was a section 4527-59, and Sections 4527-59 through 4527-80 included all sections of the school laws relating to higher education for negroes. Section 4257 was in the chapter on revenue and taxation, and the succeeding sections, to and including 4527-80, included a part of Chapter 108 on revenue and taxation, all of Chapters 109, 110, 111, 112, and most of Chapter 113, which relates to schools. Chapter 110 relates to public roads, and Chapters 109, 111 and 112 relate to other subjects than schools. Certainly, it was not the intention of the Governor in issuing the amended proclamation to request the General Assembly to pass an act, which would have been in violation of Section 51 of the Constitution, repealing, amending and reenacting all of these sections. This view is fortified by the following introductory clause of the amended call: "Whereas, inadequate provision is made for the vocational education of negroes in Western Kentucky."

All members of the Court sat with me on the hearing of this motion, and all concur in the view that the subject-matter of Chapter 40 of the First Extra Session of 1938 is not within the terms of the call, and that the Act is void.

The motion to dissolve the temporary injunction is sustained, and it is ordered that said injunction be, and the same is hereby, dissolved.