Honorable Richard D. Lamm Governor Executive Chamber State Capitol Denver, Colorado 80203
Dear Governor Lamm:
You have requested an opinion on these two questions related to the agenda for a special session of the general assembly. To what degree may the Governor set the agenda for a special session? Specifically, may the Governor limit the agenda to the sole purpose of delaying the implementation date of a bill?
QUESTION PRESENTED AND CONCLUSION
Your request for an attorney general's opinion presents the following question:
May the Governor call a special session of the legislature for the sole purpose of delaying the implementation date of a bill?
 My conclusion is "yes." It is my opinion that the Governor has constitutional authority to call such a special session of the legislature and to narrowly define the terms of that call to delay the implementation date of a bill.
ANALYSIS
The constitutional provision establishing the procedures for convening a special session is article IV, section 9, which reads as follows:
 Governor may convene legislature or senate. The governor may, on extraordinary occasions convene the general assembly, by proclamation, stating therein the purpose for which it is to assemble; but at such special session no business shall be transacted other than that specially named in the proclamation. He may by proclamation, convene the senate in extraordinary session for the transaction of executive business.
The decision on whether to call a special session rests exclusively with the governor.
 Whether or not an occasion exists of such extraordinary character as demands a convention of the general assembly in special session, under the provisions of section 9, article IV, of the constitution is a matter resting entirely in the judgment of the executive.
Veto Power-Special Session, 9 Colo. 642 (1886).
The questions you have posed are directed at the issue of how narrowly may the governor state the purpose of the special session, and have the general assembly bound by a limited agenda title.
The Colorado cases in this area are of ancient vintage, setting forth the general principles which have been applied for many years. In determining whether the governor may convene a special assembly for the sole purpose of changing the effective date of legislation already enacted but not yet implemented, it is helpful to review several major Colorado cases.
In the case of In Re Governor's Proclamation, 19 Colo. 333,35 P. 530 (1894), one of the agenda items for the special session reads as follows:
 To amend the attachment laws of the state by striking out the tenth, eleventh and thirteenth causes of attachment, such amendment to take effect only on contracts made after this enactment becomes law.
This call item referred to the causes of attachment in the Code, presumably the Code of Civil Procedure, which applied only to courts of record. The legislation which was enacted at the special session, however, also dealt with substantially the same causes of attachment, although they were a part of the Justice's Attachment Act. The court approved the legislation, basing its opinion on the following reasoning:
 The subject matter of legislation includes in substance the justice's act as well as the Act governing courts of record, and the necessity or desirability of such amendatory legislation is certainly as great in the one case as in the other.
Id. at 337.
The court further stated that the manner in which the causes of attachment were to be amended, if at all, was a matter for the general assembly to determine.
The case of In Re Amendments of Legislative Bills,19 Colo. 356 (1894) also involved legislation enacted pursuant to the governor's call convening a special session of the general assembly. This case was decided at the same time as In ReGovernor's Proclamation, supra. The call item in question was phrased as follows:
 To provide to reduce the penalties and interest on delinquent taxes to one half the present rates.
The court determined that the general subject submitted for legislation by the executive was "the reduction of the penalties and interest on delinquent taxes." The words "to one half the present rates" were held to be advisory only.
This case indicates that the governor may limit the purpose of a special session, and direct the attention of the legislature to achieving a fairly narrow purpose. It provides strong support for a limited agenda item of changing the effective date of a given bill; although quite clearly whether to make a change of the effective date, and what date is selected, are entirely legislative concerns.
In People ex rel. McGaffey v. Johnson, 23 Colo. 150,46 P. 681 (1896) the call item for the special session included the following:
 29. To enact that the law in relation to elections, etc., in this state, known as the "Australian Ballot Law," be amended so as to provide:
This paragraph, according to the court, was followed by paragraphs designating, in detail, the amendments which the governor desired the general assembly to make. The court determined that the general subject for legislation was the "Australian Ballot Law" in its entirety and stated:
 The governor, by specifically designating in the proclamation convening the general assembly as one of the subjects of legislation the law in relation to election, etc., in this state, known as the "Australian Ballot Law," for amendment, must be held to have submitted the whole subject-matter of such act for legislative action thereon. He had no more authority to go farther than this, and specify the particular character of the amendments that were to be voted upon, than he would have had to have prepared the bills, and attach them to his call, and directed the legislature to have passed or rejected the same without amendment.
Id. at 152.
This holding is an example of how a court might interpret a proclamation item which contains a broad statement of purpose.
The case of In Re Breene, 14 Colo. 401 (1890) involves article V, section 21, as it relates to bill titles. It clearly indicates how narrowly a bill title, or presumably a call title, can be drafted. Article V, section 21 requires the subject of a bill to be clearly expressed in its title. The terms "purpose" and "subject" are perceived, on a practical level, to be virtually the same (see article IV, section 9 and article V, sections 9, 17, 21 of the Colorado Constitution).
In Breene the court stated:
 But the legislature may, on the other hand, undoubtedly contract the scope of a title to the narrowest limits. . . . "An act to amend section 78 of chapter c" must not amend sections of chapter c other than the one named. People v. Fleming, 7 Colo. 230. . . . If the title of a bill be limited to a particular subdivision of a general subject, the right to embody in the bill matter pertaining to the remaining subdivisions is relinquished.
Id. at 405-406.
The Breene case involves a construction of a bill title, and upholds a very narrow title. The court's holding regarding the subject of a bill title is equally applicable to the subject of a call item or the stated purpose of a special session agenda item.
Lastly, the case law of other states having constitutional provisions similar to article IV, section 9 provide support for the proposition that the governor can specifically limit the special session as indicated. In Trenton Graded School Dist.v. Board of Education, 278 Ky. 607, 129 S.W.2d 143 (1939), the court explained the purpose for restricting the special session solely to the subjects for which it was specially called as follows:
 The purpose of this / constitutional / provision is to give notice to the public of the subjects to be considered, in order that persons interested may be present if they desire, and also it is a check upon legislative action, that no matters outside the proclamation shall be acted on.
Id. at 146. See also In re Breene, supra at 404.
SUMMARY
It is my opinion that the governor may limit the agenda for a special session to the sole purpose of changing the effective date of an enacted statute not yet implemented.
By so limiting the special session call item, the governor would not be impermissibly intruding into the legislative prerogative of the general assembly. Such a call item would leave with the general assembly the responsibility for deciding whether to make any change, and if so, what the new effective date would be.
Such a special session call item would not permit the general assembly to make any and all amendments to the statute in question. Based on the few relevant cases, and on the balance to be maintained between the executive and the legislature, it is within the governor's authority to designate, as the sole purpose for a special session, the change of an effective date of a statute.
Very truly yours,
 J.D. MacFARLANE Attorney General
GOVERNOR LEGISLATURE LEGISLATIVE BILLS
Colo. Const. art. IV, secs. 9, 17 and 21
EXECUTIVE BRANCH Governor, Office of
The Governor may call a special session for the sole purpose of delaying the implementation date of a bill, so long as the Governor so limits the agenda in the proclamation.