Merritt JONES, Individually, as a Citizen, Resident and Taxpayer of County of Laurel, Kentucky, and as a Representative of, for, and on Behalf of all other Citizens, Residents, and Taxpayers of said County, and of, for and on Behalf of all other Persons Similarly Situated who are interested in or affected by the matter herein set out, Appellants,

v.

COUNTY OF LAUREL, Kentucky

and

Ledford Karr, County Judge/Executive, Charles Benge, County Magistrate, James M. Walden, County Magistrate, Ed Parsley, County Magistrate, Onas Patton, County Magistrate, Glenn Robbins, County Magistrate, Harold Reams, County Magistrate, County Courthouse, Laurel County, Kentucky, and Fiscal Court of County of Laurel, Kentucky, Appellees.

Court of Appeals of Kentucky.

March 21, 1980.*

Discretionary Review Denied July 8, 1980.

Coleman Moberly, London, for appellants.

Elmer Cunnagin, Jr., London, Joseph R. Rubin, Louisville, for appellees.

Before HOWARD, GUDGEL and WILHOIT, Judges.

GUDGEL, Judge.

This is an appeal from a declaratory judgment of the Laurel Circuit Court. The issue is whether a portion of HB68, enacted by the 1979 Extraordinary Session of the

*This case was originally designated "Not to be Published." On April 18, 1980 the Court of Appeals ordered it published.

General Assembly, whereby a phrase was deleted from subsection (3)(j) of KRS 67.083, is a valid legislative enactment. The court below declared that it is not. We affirm.

KRS 67.083(3)(j) was first enacted at the regular session of the General Assembly in 1978. As enacted, it authorized county governments to enact ordinances to perform the following public functions:

(j) *Facilitating the construction of new housing*; causing the repair or demolition of structures which present a hazard to public health, safety or morals or are otherwise inimical to the welfare of residents of the county; causing the redevelopment of housing and related commercial, industrial and service facilities in urban or rural areas; providing education and counseling services and technical assistance to present and future residents of publicly assisted housing; . . . (Emphasis Added)

Pursuant to the quoted statute, the Fiscal Court of Laurel County on May 31, 1979, enacted an ordinance facilitating the construction of new housing in the county. The new construction was to be financed through the issuance of residential mortgage revenue bonds. Appellants filed this action on June 15, 1979, asking for an injunction to prohibit the county from proceeding under the ordinance and for a declaratory judgment that the ordinance was invalid because the 1979 Extraordinary Session of the Kentucky General Assembly amended KRS 67.083(3)(j) by deleting the phrase "facilitating the construction of new housing" from the statute, thereby abolishing the county's authority to pass the May 31, 1979 ordinance.

The case was submitted for decision, and the court entered extensive findings of fact, conclusions of law, and a judgment which adjudged that the portion of House Bill 68 enacted by the General Assembly, amending KRS 67.083(3)(j), by deleting the county's authority to facilitate new construction, was not embraced in, or germane to, the proclamation and amendments thereto, calling the Extraordinary Session. Based on

this finding, the court determined that the legislature's action in amending KRS 67.083(3)(j) was void because it violated section 80 of the Constitution which prohibits consideration of subjects not contained in the Governor's proclamation calling an Extraordinary Session. The court also adjudged that the Laurel County ordinance enacted pursuant to the statute was valid and unaffected by the amendment of KRS 67.083(3)(j).

The proclamation and amendments thereto, calling the 1979 Extraordinary Session, included the following item:

24. The enactment of legislation amending KRS 67.083 to authorize county governments to carry out all governmental functions necessary for the preservation of historic structures.

In acting on this item, the legislature enacted a new subsection (y) of KRS 67.083(3). This subsection authorized counties to enact ordinances for the purpose of preserving historic structures. It also enacted a new subsection 9 conditioning a county government's exercise of authority pursuant to subsection (3)(y) on first obtaining the voluntary written consent of the owner of the structure after having advised him, in writing, of the advantages and disadvantages of the proposed preservation. However, the legislature also deleted from subsection (3)(j) of the statute the phrase "facilitating the construction of new housing."

Section 80 of the Constitution requires the governor, when he convenes an Extraordinary Session of the General Assembly, to do so by proclamation stating the subjects to be considered and provides that "no others may be considered." The purpose of the section is to give notice to members of the public of subjects to be considered at the session so that they might be present if they so desire and also to serve as a check upon the legislative action which may be taken. *Richmond v. Lay*, 261 Ky. 138, 87 S.W.2d 134 (1935). If legislative action taken at such an Extraordinary Session is not within the subjects specified in the proclamation calling the session, any such legislation is void. *Trenton Graded School Dist. v.*

*Board of Education*, 278 Ky. 607, 129 S.W.2d 143 (1939).

■ Appellants contend that since Item 24 of the call recites its purpose as being the enactment of legislation to amend KRS 67.083, the legislature did not violate section 80 of the Constitution when it deleted a phrase in subsection (3)(j) of the statute. We disagree. Had the Governor's call limited the subject matter of Item 24 of the call to enacting legislation amending KRS 67.083 generally, the contention might have merit. However, the subject matter of Item 24 was not general. The item specifically states that the legislation amending KRS 67.083 would be for the limited purpose of authorizing county governments to carry out functions necessary for the preservation of historic structures. That subject matter had nothing at all to do with the portion of subsection (3)(j) of the same statute, whereby county governments are authorized to facilitate the construction of new housing. Indeed, the purpose behind preservation of historic structures by county governments is completely different from the purposes behind the facilitation of the construction of new housing. We hold, therefore, that the court below correctly determined that the action of the 1979 Extraordinary Session of the General Assembly in amending subsection (3)(j) of KRS 67.083 by deleting the phrase "facilitating the construction of new housing" was beyond the subject matter of the proclamation for the session and is void. *Trenton Graded School Dist., supra.*

The judgment is affirmed.

All concur.