EDWARD A. JAKSHA, PLAINTIFF, V. STATE OF NEBRASKA; ROBERT KERREY, GOVERNOR OF THE STATE OF NEBRASKA; AND DONNA KARNES, TAX COMMISSIONER OF THE STATE OF NEBRASKA, DEFENDANTS.
385 N.W.2d 922

Filed May 2, 1986.   No. 86-014.

Patrick W. Healey of Healey, Wieland, Kluender, Atwood & Jacobs, for plaintiff.

Robert M. Spire, Attorney General, and L. Jay Bartel, for defendants.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

SHANAHAN, J.

Pursuant to leave granted by this court, see, Neb. Const. art. V, § 2, and Neb. Rev. Stat. § 24-204 (Reissue 1979), Edward A. Jaksha, a Nebraska citizen and taxpayer, has filed an original action to determine the constitutionality of 1985 Neb. Laws, L.B. 35, 89th Leg., 2d Spec. Sess., a revenue measure enacted on November 15, 1985. By L.B. 35, which amended Neb. Rev. Stat. § 77-2701.01 (Cum. Supp. 1984), the Nebraska Legislature increased the rate of income tax, namely, from 19 percent to 20 percent, for every individual resident of Nebraska, effective for the tax year commencing January 1, 1985. See Neb. Rev. Stat. §§ 77-2715 (Cum. Supp. 1984) (imposition of tax on income of a resident individual) and 77-2715.01 (Cum. Supp. 1984) (rate of income tax determined by Legislature).

On October 15, 1985, as authorized by Neb. Const. art. IV, § 8, Governor Robert Kerrey issued a proclamation to convene an "extraordinary session" of the Nebraska Legislature on October 17, 1985, for the purpose of "considering and enacting legislation" relating to nine itemized and specific subjects, none of which involved or referred to an increase in the rate of income tax for individual residents of Nebraska.

In response to the Governor's proclamation, the Legislature convened in special session on October 17. On the first day of the special session, L.B. 10 was introduced: "A BILL FOR AN ACT relating to revenue and taxation; to amend section 77-2701.01, Revised Statutes Supplement, 1984; to change the income tax rate; to provide an operative date; to repeal the original section; and to declare an emergency." As reflected in L.B. 10, a resident individual's rate of income tax increased from 19 percent to 20 percent at January 1, 1985.

On inquiry by the introducer of L.B. 10, the State's Attorney General rendered an opinion raising doubt that L.B. 10's tax rate increase was within the purpose contained in the Governor's proclamation of October 15.

On November 6, 1985, while the Legislature was in the 10th

day of the special session pursuant to the Governor's initial proclamation, the Governor issued an "AMENDED PROCLAMATION" which referred to convention of the Legislature in extraordinary session on October 17 and included the identical nine subjects contained in the initial proclamation but added a tenth subject or item: "10. Increase the Income Tax rate for 1985." After such amended proclamation, L.B. 35, substantially similar to L.B. 10, was introduced on November 6 and, after final reading on the 16th day of the special session, was passed with an emergency clause on November 15. L.B. 35 was signed by the Governor on November 15, amended § 77-2701.01, and increased every resident individual's rate of income tax from 19 percent to 20 percent for the tax year commencing on January 1, 1985.

As stated in the stipulation of the parties, the questions submitted for answer by this court are:

QUESTION NO. 1 - Whether the "Amended Proclamation" issued by the Governor on November 6, 1985, was legally sufficient to allow the valid enactment of L.B. 35, passed on November 15, 1985, by the 89th Legislature, Second Special Session of 1985.

QUESTION NO. 2 - In the event the answer to Question No. 1 is in the negative, whether L.B. 35 constituted valid legislative business under the scope of the "Proclamation" of the Governor issued on October 15, 1985.

Among sections of the Nebraska Constitution applicable in the present case are:

The powers of the government of this state are divided into three distinct departments, the legislative, executive and judicial, and no person or collection of persons being one of these departments, shall exercise any power properly belonging to either of the others, except as hereinafter expressly directed or permitted.

Neb. Const. art. II, § 1; and

The Governor may, on extraordinary occasions, convene the Legislature by proclamation, stating therein the purpose for which they are convened, and the Legislature shall enter upon no business except that for

which they were called together.
Neb. Const. art. IV, § 8.

Jaksha contends that after the Legislature has convened in special session in response to the Governor's proclamation calling such special session, Neb. Const. art. IV, § 8, does not empower the Governor to alter the proclamation by adding any subject not designated in the original, or initial, proclamation. Because the Governor's original, or initial, proclamation of October 15, 1985, did not refer to any rate for income taxation, Jaksha argues, any increase in the tax rate pursuant to the Governor's proclamation is outside the purpose of the special session and is, therefore, invalid. The State counters that Neb. Const. art. IV, § 8, does not preclude the Governor's amending a proclamation calling a special legislative session, adding matters for the Legislature's consideration, after a special legislative session has been commenced.

Neb. Const. art. IV, § 8, was adopted as a result of Nebraska's constitutional convention of 1875. In construing provisions of a constitution, courts may examine debates and proceedings of a constitutional convention to determine the framers' intended meaning of words, phrases, or clauses of a constitution. See *Elmen v. State Board of Equalization and Assessment*, 120 Neb. 141, 231 N.W. 772 (1930).

Although some committee reports and some minutes of Nebraska's 1875 constitutional convention are parts of the archives of the Nebraska State Historical Society, recorded debates of that convention are unavailable. The explanation for the missing record of debates is found in the "Preface" for volume 1 of Nebraska Constitutional Conventions, which relates an account by Mr. H.H. Wheeler, "formerly of the Supreme Court office":

"In the fall of 1889, some days after the death of Guy A. Brown, Clerk of the Nebraska Supreme Court, (which occurred Oct. 27th of that year), I went into the basement vault of the Clerk of the Supreme Court in the state capitol to get some articles belonging to me. On the stairway I met David C. Crawford, one of the state house janitors, [and his] helper named Henry, conveying a cracker box with a lot of papers in it upstairs. I instantly recognized the

papers as the manuscript report of the debates in the constitutional convention of 1875. I told the janitors that they were very valuable papers and ought to be preserved. When I came up from the vaults a few minutes later I stepped into the office of the Secretary of State, and told Nelson McDowell, Chief Clerk, and O. C. Bell, Deputy Secretary of State, what I had seen; called their attention to the value of the papers, and that they properly belonged in the custody of the Secretary of State. I have never seen the debates since, although I have made diligent personal search for them in the state house, having an important law suit involving a constitutional question which the debates would have shed light upon. I have never found any one who has seen those manuscripts since that day."
1 Neb. Const. Convs. 7 (1906).

Sic transit gloria mundi [so passes away the glory of the world]—in a cracker box, somewhere. Consequently, we must apply other rules for construction of Neb. Const. art. IV, § 8.

Jaksha and the State refer to *Tennant's Case*, 3 Neb. 409 (1873), where this court construed the constitutional predecessor of Neb. Const. art. IV, § 8, and held that the Governor has the constitutional power to revoke a proclamation calling a special session of the Legislature before commencement of the special legislative session responsive to the proclamation for convention.

Because *Tennant's Case, supra,* involved the status of a Governor's proclamation before a special legislative session had convened, *Tennant's Case* has insignificant precedential value regarding the particular question presented to this court for the first time: After commencement of the Legislature's special session called by the Governor's proclamation, can the Governor constitutionally amend the original, or initial, proclamation by adding a subject not designated in that original, or initial, proclamation?

For those matters within the particular province of the executive branch of government, the Governor's authority is unfettered, "supreme executive power," subject only to constitutional and valid statutory limitations. See Neb. Const. art. IV, § 6.

In *Elmen v. State Board of Equalization and Assessment*, 120 Neb. 141, 148, 231 N.W. 772, 776 (1930), this court acknowledged and adopted a cardinal principle of constitutional construction:

> "The (state) Constitution is a limitation upon the powers of the legislative department of the government; but it is to be regarded as a grant of powers to the other departments. Neither the executive nor the judiciary, therefore, can exercise any authority or power, except such as is clearly granted by the Constitution." [Citation omitted.]

In construing provisions of the Nebraska Constitution, we are guided by other fundamental and long-established principles: " 'The Constitution as amended must be construed as a whole.' " *Elmen v. State Board of Equalization and Assessment, supra* at 149, 231 N.W. at 776. See, also, *Dwyer v. Omaha-Douglas Public Building Commission*, 188 Neb. 30, 195 N.W.2d 236 (1972); *State ex rel. Johnson v. Chase*, 147 Neb. 758, 25 N.W.2d 1 (1946). Every clause in a constitution has been inserted for a useful purpose and should receive even broader and more liberal construction than statutes. See, *Anderson v. Tiemann*, 182 Neb. 393, 155 N.W.2d 322 (1967); *Carpenter v. State*, 179 Neb. 628, 139 N.W.2d 541 (1966).

A contention similar to that made by Jaksha appears in *Stickler v. Higgins*, 269 Ky. 260, 106 S.W.2d 1008 (1937). In *Stickler* the Governor of Kentucky issued a proclamation to convene a special session of the Kentucky legislature. Ky. Const. § 80 provided: "[The Governor] may, on extraordinary occasions, convene the [Legislature] . . . . When [the Governor] shall convene the [Legislature] it shall be by proclamation, stating the subjects to be considered, and no other shall be considered." When the Kentucky Governor issued his proclamation for the special legislative session, the proclamation misdescribed certain legislation to be submitted for repeal. After the special legislative session had begun, the Governor amended his original call by referring to the error in his original proclamation, designating the specific act to be repealed at the special session, and correcting the erroneous identification contained in the original proclamation. The

legislation identified in the amended proclamation was repealed. As a citizen-taxpayer, Stickler contended that the Governor, under § 80 of the Kentucky Constitution, lacked power to amend the original proclamation calling the special legislative session.

In *Stickler v. Higgins, supra*, the court held:

"The purpose of this provision [the last sentence of section 80, supra] is to give notice to the public of the subjects to be considered, in order that persons interested may be present if they desire, and also it is a check upon legislative action, that no matters outside the proclamation shall be acted on." [Citing and quoting from *Richmond v. Lay*, 261 Ky. 138, 87 S.W.2d 134 (1935).]

269 Ky. at 264, 106 S.W.2d at 1010.

Another reason given in the cases cited, and others that might be cited, is, that it was not the desire of the makers of the Constitution that an extraordinary session when convened should have the authority to legislate within the almost limitless field that a regular session may do, but to confine enactments at such extraordinary sessions to such subjects as the Governor might set before the law making body in the manner prescribed in the Constitution, i.e., by a proclamation, thereby conferring upon him the power and authority to limit in that manner the subjects that the Legislature might consider at such extraordinarily called session. Those reasons are undoubtedly the ones prompting such constitutional provisions, and the purpose thereof is accomplished just as effectually if the additional proclamations submitting other subjects are issued after the extraordinary session is convened, as would be if they were issued within the time intervening between the original proclamation and the convening of the session.

269 Ky. at 264-65, 106 S.W.2d at 1011.

The language of the Kentucky Constitution in reference to convention and business of a special legislative session is substantially similar to Neb. Const. art. IV, § 8. We find the reasoning of the Kentucky court persuasive in reaching an answer to Jaksha's question about the Governor's amended

proclamation in the case before us.

First, we note that the Nebraska Constitution does not limit the number of special sessions of the Legislature which may be called by the Governor's proclamation in accordance with Neb. Const. art. IV, § 8. The Governor's proclamation is a vehicle for publicizing business to be conducted at a special legislative session. A supplemental or amended proclamation serves the same function of notice to the public and those interested in the particular subject or subjects to be considered by the Legislature in special session. Thus, those notified by the amended proclamation are afforded the same opportunity to express themselves—for or against any measure to be considered at the special legislative session—as are those who wish to express themselves in response to an initial, or original, proclamation issued by the Governor. In this manner the opportunity for popular expression about potential legislation is preserved in either situation. Second, we observe there is no question concerning the adequacy of the amended proclamation or the introduction of the revenue measure (L.B. 35) after the amended proclamation. The amended proclamation and introduction of L.B. 35 occurred the same day, November 6, thus supplying 8 full days for consideration and expression about L.B. 35 before passage of that legislation on November 15. In considering any legislation, suggested or introduced, during a special session of the Legislature called by the Governor, legislators are likely to be autonomous, not automatons, but well aware of the wishes of their constituents in our constitutional form of government.

As an additional consideration, Jaksha's suggested construction of Neb. Const. art. IV, § 8, frustrates practicalities desirable in governmental activities. If Jaksha's construction were accepted, only after termination of one special legislative session, having been called by a Governor's proclamation, would the Governor then have authority to reconvene the Legislature in another special session. Such requisite termination of business at one special legislative session and reconvention, after intervention of unnecessarily elapsed time and expense incurred by legislators living outside Lincoln, are inconsistent with efficiency and economy as objectives for any

government. As an additional consequence of Jaksha's impractical construction of Neb. Const. art. IV, § 8, if another "extraordinary occasion" arose during pendency of a special legislative session, the Governor would be precluded from submitting that postconvention but current "extraordinary occasion" to the Legislature. Deferral of appropriate action and unnecessary delay are incongruous with expeditious disposition of an "extraordinary occasion."

We, therefore, hold that the purpose of the Governor's proclamation, calling a special session of the Legislature pursuant to Neb. Const. art. IV, § 8, is notice to the public regarding subjects to be considered at such legislative session and specification of the boundaries for the area of legislation which may be enacted during that special session of the Legislature.

We conclude that Neb. Const. art. IV, § 8, as part of the power of the executive branch of government, permits the Governor to determine when an extraordinary occasion exists, necessitating convention of a special session of the Nebraska Legislature. The subject matter restriction envisioned in Neb. Const. art. IV, § 8, empowers the Governor to set the boundaries of legislative action permissible at a special session of the Nebraska Legislature. As a consequence of such authority under Neb. Const. art. IV, § 8, the Governor may, during the Legislature's special session convened pursuant to a gubernatorial proclamation, submit by an appropriate amended proclamation any additional subjects for valid legislation to be enacted at such special session of the Legislature.

There is no question that 1985 Neb. Laws, L.B. 35, 89th Leg., 2d Spec. Sess., came within the scope of the Governor's amended proclamation. In view of our affirmative answer to question No. 1 submitted by the parties, we need not answer question No. 2. Therefore, judgment is entered against Jaksha on his petition and in favor of the defendants.

JUDGMENT FOR DEFENDANTS.