REQUESTED BY: Senator Philip Erdman, Legislative District 47
QUESTION: Is LR 2CA within the scope of the Governor's Call for a Special Session?
CONCLUSION: No.
By proclamation dated July 24, 2002, the Governor called for a special session to commence on July 30, 2002. The Call identified 26 matters to be dealt with at the special session. Generally, the topics include the reduction or elimination of appropriations, making specified fund transfers, adopting modifications in payment requirements, and making miscellaneous changes in certain programs.
During this special session, Legislative Resolution 2CA was introduced. The resolution proposed that an amendment to ArticleIII, section 24, of the Nebraska Constitution be submitted to the electors at the November 2002 general election. The amendment would authorize casinos in interdiction gaming zones and remove state restrictions against gaming on Indian reservations and Indian trust lands.
The topics to be addressed pursuant to the Call are specific and we find nothing in the Call related to gambling or interdiction gaming zones.
Article IV, Section 8 of the Nebraska Constitution provides: "The Governor may, on extraordinary occasions, convene the Legislature by proclamation, stating therein the purpose for which they are convened, and the Legislature shall enter upon no business except that for which they were called together." This provision gives the Governor the power to set the boundaries of legislative action permissible at a special session of the Nebraska Legislature. Jaksha v. State, 222 Neb. 690, 698, 385 N.W.2d 922, 927 (1986). The proclamation may state the purpose for which the Legislature is convened in broad, general terms or it may limit the consideration to a specified phase of a general subject. Arrow Club, Inc. v. Nebraska Liquor Control Commission, 177 Neb. 686,689, 131 N.W.2d 134, 137 (1964).
On its face, the constitutional provision precludes the Legislature from addressing any business beyond that specified in the Call. We take this to include Legislative Resolutions such as the one at issue here. See Op. Att'y Gen. No. 92114 (Sept. 14, 1992) (LR 2 proposing amendment to the Constitution deemed not germane to the items on the Governor's Call), and State ex rel. Douglas v. State Bd. of Equalization and Assessment, 205 Neb. 130, 140-145, 286 N.W.2d 729, 734-37 (Brodkey, J., concurring).
Responding to a Call for a special session, the Legislature may enact legislation relating to, germane to, and having a natural connection with the purpose for which it was convened; it is free to determine in what manner the purpose shall be accomplished, but it must confine itself to the matters submitted to it by the proclamation. Arrow Club, 177 Neb. at 689-90, 131 N.W.2d at 137.
Where the Governor has been specific in his Call, the Legislature will be afforded little room to roam. See Op. Att'y Gen. No. 01034 (Oct. 31, 2001). For example, in Arrow Club it was held that the Legislature had strayed too far afield when it legislated on the topic of bottle clubs after the Governor had called the members together to consider amendments to the Liquor Control Act relating to the licensing of nonprofit corporations. It was not enough that the enactment also involved the Liquor Control Act. The court did not believe that legislating on the topic of bottle clubs was sufficiently linked to the topic of licensing of nonprofit corporations.
Here, it is difficult to see any connection between the legislative proposal and the topics on the Call. It is our conclusion that LR 2CA is outside the Call's scope.
Sincerely,
 DON STENBERG Attorney General
 Mark D. Starr Assistant Attorney General
Approved:
_________________________________ Attorney General