REQUESTED BY: Nebraska State Senator Rich Pahls
Introduction
In a letter dated November 5, 2008, you have asked this office for its opinion as to whether a proposed legislative bill you intend to offer at the Legislature's special session beginning on November 14, 2008, is "constitutional under the restrictions of the Governor's Proclamation" calling the Legislature into session.
The proclamation you refer to was issued by Governor Dave Heineman on October 29, 2008. It calls the Legislature into special session "for the purpose of considering and enacting legislation on only" two subjects. These subjects are:
 1. Enacting legislation to limit the application of 2008 Neb. Laws LB 157, Neb. Rev. Stat. § 29-121, by reducing the maximum age of children to whom the statute applies; and
 2. To appropriate funds to the Legislative Council for the necessary expenses of the extraordinary session herein called.
Neb. Rev. Stat. § 29-121, the statute specifically addressed in the Governor's proclamation, reads as follows:
 No person shall be prosecuted for any crime based solely upon the act of leaving a child in the custody of an employee on duty at a hospital licensed by the State of Nebraska. The hospital shall promptly contact appropriate authorities to take custody of the child.
Your proposed bill contains twelve sections. The proposed bill places a thirty day limit on the age of a child who can be left at a licensed hospital without threat of criminal prosecution, but it also contains numerous other provisions dealing generally with the rights, responsibilities and duties of the parent, the hospital and the Department of Health and Human Services in legal child abandonment situations. Section 11 of your proposed bill would repeal § 29-121
outright. If enacted, the bill would be known as the Nebraska Safe Haven Act.
The issue for decision is whether enactment of your proposed bill establishing the Nebraska Safe Haven Act would fall outside the scope of the Governor's call of the Legislature into special session which appears to limit the session to the consideration and enactment of legislation to amend § 29-121 to place an age limit on children to whom that statute applies.
Applicable Law
The special session of the Legislature has been called by the Governor using the authority vested in him by Neb. Const. art. IV, § 8. That constitutional provision states:
 The Governor may, on extraordinary occasions, convene the Legislature by proclamation, stating therein the purpose for which they are convened, and the Legislature shall enter upon no business except that for which they were called together.
 In Arrow Club, Inc. v. Nebraska Liquor Control Commission, 177 Neb. 686, 689-90, 131 N.W.2d 134, 137 (1964), the Nebraska Supreme Court stated the basic legal principles applicable under art. IV, § 8.
 It is well established that the legislature while in special session can transact no business except that for which it was called together. . . . The proclamation may state the purpose for which the Legislature is convened in broad, general terms or it may limit the consideration to a specified phase of a general subject. The Legislature is free to determine in what manner the purpose shall be accomplished, but it must confine itself to the matters submitted to it by the proclamation. . . .
 The guiding principle in sustaining legislation of a special session is that it be germane to, or within, the apparent scope of the subjects which have been designated as proper fields of legislation. . . .
 The Legislature while in special session may enact legislation relating to, germane to, and having a natural connection with the purpose for which it was convened. . . . The purpose or subject as stated in the proclamation is to be determined by an analysis and construction of the proclamation as in the case of any written instrument. . . . The presumption is always in favor of the constitutionality of legislation, and an act should be held to be within the call if it can be done by any reasonable construction.
 Applying the foregoing principles, in Arrow Club the supreme court found that legislation relating to the regulation and operation of bottle clubs was outside the scope of a special session proclamation calling for consideration of amendments to the Liquor Control Act relating to the licensing of nonprofit corporations, even though both bottle clubs and nonprofit corporation liquor licenses fell within the ambit of that act.
 In Jaksha v. State, 222 Neb. 690, 696, 385 N.W.2d 922, 926 (1986), the supreme court quoted favorably from Stickler v. Higgins, 269 Ky. 260, 265, 106 S.W.2d 1008, 1011 (1937), to the effect that a Kentucky constitutional provision very similar to Neb. Const. art. IV, § 8 confers upon the Governor "the power and authority to limit . . . the subjects that the Legislature might consider at [an] extraordinarily called session." The Jaksha court then went on to state:
 We conclude that Neb. Const. art. IV, § 8, as part of the power of the executive branch of government, permits the Governor to determine when an extraordinary occasion exists, necessitating convention of a special session the Nebraska Legislature. The subject matter restriction envisioned in Neb. Const. art. IV, § 8, empowers the Governor to set the boundaries of legislative action permissible at a special session of the Nebraska Legislature.
222 Neb. at 698, 385 N.W.2d at 927.
It is important to note in this regard that, while the supreme court has stated that during a special session the Legislature may enact legislation "relating to, germane to, and having a natural connection with the purpose for which it was convened," Arrow Club,177 Neb. at 690, 131 N.W.2d at 137, the court, in fact, has "adopted a narrow view of germaneness, limiting it to `a specified phase of a general subject.'" Op. Att'y Gen. No. 01034 (Oct. 31, 2001) (quoting Arrow Club,177 Neb. at 689, 131 N.W.2d at 137). As stated in Opinion No. 01034: "In light of the Arrow Club decision, it appears the Nebraska Supreme Court would take a restrictive view of what legislation is considered germane to a Governor's special session call."
Analysis
As he is empowered to do, the Governor has issued a proclamation calling the Legislature into special session and set narrow boundaries on legislative action which may be taken during that session. Reading and construing the first subparagraph of the proclamation in the same manner as any other written instrument, it appears clear that the Governor has limited the special session to legislating on "a specified phase of a general subject." Arrow Club, 177 Neb. at 689,131 N.W.2d at 137.
A review of § 29-121, to which the proclamation specifically refers, shows that the general subject of that statute is (1) the exemption of persons who leave children with employees of licensed hospitals from criminal prosecution based solely upon that act and (2) the duty of hospitals to promptly notify appropriate authorities to take custody of children left with them. The Governor's proclamation, however, limits the Legislature to considering legislation which would deal with only a specified phase of this general subject — namely, the parameters of the exemption from criminal prosecution for a person leaving a child at a licensed hospital with regard to placing an upper limit on the age of a child who is abandoned in this way. Put another way, the Governor has called the Legislature for the narrow purpose of considering legislation limiting the exemption from prosecution by placing an age limit on a child who may be left at a hospital. He has not summoned the Legislature to consider and legislate with regard to other legal, medical or administrative ramifications that might flow from the relinquishment of a child at a licensed hospital or from the exemption from criminal prosecution itself.
Section 4 of your proposed bill would limit the age of a child who may be relinquished without threat of prosecution to thirty days; and such proposed limitation falls readily within the scope of the Governor's call. Bearing in mind, however, the very limited nature of the call, it appears that all the remaining provisions of the proposed bill exceed it.
Generally speaking, the proposed bill contains a definition and terminology not found in § 29-121, sets out some of the civil legal ramifications of leaving a child at a hospital, and places a number of duties and responsibilities in connection with abandonment of children at hospitals on the hospitals and the Department of Health and Human Services. None of these proposals is encompassed within the Governor's call, which is limited to consideration of a limitation on the exemption from criminal prosecution set forth in § 29-121. For example, sections 7, 8 and 9 of the proposed bill would require the department to "develop and implement a public information program to inform the general public of the procedures of and alternatives to the Nebraska Safe Haven Act," to develop several other methods and programs relating generally to the proposed act and to prepare and submit an annual report to the Legislature including specified data about the implementation and operation of the proposed act. Similarly, sections 3, 5 and 6 and the last sentence of section 4 of the proposed bill place duties and responsibilities on hospital personnel and the department to be carried out when a child is relinquished to a hospital under the act. It is apparent these provisions, while related to the general subject of legal child abandonments, do not deal with and are not germane to the phase of that subject specified in the Governor's call — i.e., limiting the exemption from criminal prosecution found in § 29-121 by considering a reduction in the maximum age of children covered by that statute.
It seems to us that the present situation is analogous to the situation described in Arrow Club in which the supreme court found that a Governor's call for a special legislative session to consider amendments to the Liquor Control Act relating to the licensing of nonprofit corporations did not encompass legislation relating to the regulation and operation of bottle clubs, even though both bottle clubs and nonprofit corporation liquor licenses fell within the ambit of that act. While your proposed bill's provisions do have a nexus with the general subject of the legal abandonment of children in Nebraska (just as the bottle club legislation in Arrow Club had a nexus with the general subject of the regulation of liquor), they do not have direct connection with the narrow subject of the Governor's call — limiting the exemption from criminal prosecution for abandoning a child by lowering the maximum age of covered children — (just as the bottle club legislation in Arrow Club did not have a sufficient direct connection to the narrow subject of the liquor licensing of nonprofit corporations). Accordingly, it is our view that, as it did in Arrow Club, the Nebraska Supreme Court would likely conclude that the proposed Nebraska Safe Haven Act, if enacted during the special session, is in violation of the Nebraska Constitution and void.
Conclusion
For the reasons set forth above, it is our opinion that, with the exception of the setting of a maximum age of thirty days for a child who could be relinquished to a licensed hospital without criminal prosecution for that act alone, your proposed bill, if enacted and then challenged in court, would likely be deemed to be outside the scope of the Governor's call for the special session.
Sincerely yours,
 JON BRUNING Attorney General
 Charles E. Lowe Assistant Attorney General
Approved by:
 _______________________________ Attorney General