See also, Ky.App., 671 S.W.2d 262.

Rep. Louie GUENTHNER, Jr., Rep. Willard "Woody" Allen, Rep. Barry Caldwell, Rep. Keither Endicott, Jr., Rep. Danny Ford, Rep. Pat Freibert, Rep. Ken Harper, Rep. Bob Heleringer, Rep. Ronny Layman, Rep. Pearl Ray Lefevers, Rep. Bill Liel, Rep. Randy Moore, Rep. Clarence Nolan, Rep. Elvin Patrick, Rep. Albert Robinson, Rep. Arthur Schmidt, and Rep. Richard Turner, Appellants,

v.

Governor John Y. BROWN, Jr.; Drexell Davis, and Robert Warren, Appellees.

Court of Appeals of Kentucky.

June 22, 1984.

Louie Guenthner, Jr., Louisville, for appellants.

James L. Dickinson, Charles D. Wickliffe, Finance & Administration Cabinet, Frankfort, for appellees.

Before COOPER, HOWARD and HOWERTON, JJ.

HOWERTON, Judge.

The appellants are members of the 1982 Kentucky General Assembly. They appeal from a judgment of the Franklin Circuit Court dismissing their declaratory judgment action and claim for injunctive relief. The representatives filed this suit to invalidate Governor Brown's call for a special session of the General Assembly set for January 7, 1983. They also sought to prevent the appellees from paying salaries and expenses to the members of the General Assembly who attended the session.

Governor Brown issued a proclamation on December 15, 1982, calling the General Assembly into extraordinary session on January 10, 1983, to consider income tax legislation. A second proclamation issued on January 5, 1983, called for the session to be held on January 7. The two documents are identical except that the proclamation dated January 5 contains two prefatory or "WHEREAS" clauses explaining the fact that the session had originally been called for January 10, and that for various reasons the date and time would be changed to January 7.

The General Assembly met on January 7, and adjourned that same day, *sine die*. KRS 6.211 and 6.190 provide that members attending the session are entitled to compensation of $75 plus expenses. The appellants attended the session, but filed this action on January 13. A temporary restraining order was issued which prevented payment of compensation to all members, but the order was dissolved in May 1983 and the case was dismissed on May 31.

The representatives present four issues on this appeal. They are:

1. Did the prefatory statements to the January 5, 1983, call of the extraordinary session make that call any less a revocation of the call issued December 15, 1982?

2. Did the Governor's action in changing the date of the extraordinary session violate § 80 of the Kentucky Constitution?

3. Did the Governor improperly change the call of an extraordinary session of the General Assembly?

4. Did the Governor encroach on the power of the legislative branch in violation of §§ 27, 28, and 36 of the Kentucky Constitution?

We find little merit or substance in the first issue. The argument is basically that a preamble or preface may be referred to only when ambiguity is present in the main body of the document. The representatives then argue that the second proclamation is a substitute for the first and, as a substitute, it operates to revoke the first proclamation. They then contend that the governor may not revoke a call for an extraordinary session, citing *Royster v. Brock*, 258 Ky. 146, 79 S.W.2d 707 (1935).

The real questions this court must decide are whether the second proclamation was a revocation of the first and whether the governor has the power to change the time and date called for an extraordinary session of the General Assembly.

In *Royster, supra,* the purpose of the governor's action was clearly to revoke a proclamation so that the subject matter would never be discussed by the legislature. In that case, Lieutenant Governor Chandler issued a proclamation calling for an extraordinary session. When Governor Laffoon returned to the Commonwealth, he issued a proclamation declaring Chandler's action to be null and void. The court held that the call could not be revoked. The case considered § 80 of the Kentucky Constitution which permits a governor to call an extraordinary session by proclamation. The section makes no provision for revocation once the call is issued.

*Royster* is not dispositive of this case, however. We are not faced with a complete revocation whereby the subject matter for the call would never be discussed. The second proclamation, which merely changed the date, provided for consideration of the same subject matter as the first proclamation.

 We simply do not consider the governor's action in the January 5 proclamation to be a revocation of his December 15 proclamation. Section 80 of the Kentucky Constitution gives the governor the power to make the call, and although *Royster* held that the call could not be revoked, we find nothing in writing or reason to conclude that the governor lacks the power to change a time and date for an extraordinary session. The governor has the authority to amend the subject matter of his original proclamation, *Stickler v. Higgins*, 269 Ky. 260, 106 S.W.2d 1008 (1937), and we find no reason why his power to change a date should be prohibited.

We are not particularly concerned with whether the change in date is called a revision, an amendment, a modification, or whatever. One might even claim that the two proclamations merged into one, since both had a common subject. In any event, we conclude that Governor Brown had the power to change the time and date for the extraordinary session. The time set for the final call was close to the first call, and there was no lengthy delay, inconvenience, or impossible circumstance which might make the second call tantamount to a revocation. There is no indication that moving the date from January 10 to January 7 was harmful to anyone or that it was intended for any improper purpose. We find no allegation or argument that the second notice provided insufficient time to attend or prepare for the meeting. The complaining parties actually attended the session.

 The representatives' final argument is that by changing the call of the extraordinary session, the governor usurped the power of the legislature to set the time for adjournment as provided in § 36 of the Kentucky Constitution. They claim that, since the session had already been called and the proclamation delivered to the secretary of state, the governor had no more power over the proclamation and he had no power to adjourn the General Assembly. They contend that the exercise of this power by the governor also violated §§ 27 and 28 of the Kentucky Constitution dealing with the separation of powers between the legislative, executive, and judicial branches. They claim that the governor took away their power to adjourn the January 10 session by rescheduling it. That may be partially true, but it was the General Assembly that actually adjourned their one-and-only extraordinary session. If they had remained in session over the weekend, they would have adjourned subsequent to or on January 10. Since we have held that the governor properly changed the date of the extraordinary session from January 10 to January 7, and that there was to be only one session, to uphold the appellants' argument would reach an absurd result in this situation. Vain acts are not to be encouraged. *Wesley v. Board of Education of Nicholas County*, Ky., 403 S.W.2d 28 (1966).

The judgment of the Franklin Circuit Court is affirmed.

All concur.