REQUESTED BY: Honorable Robert Kerrey Governor State of Nebraska State Capitol Lincoln, Nebraska 68509
Dear Governor Kerrey:
You have requested our opinion regarding whether you may amend your original proclamation calling the Legislature into special session to include additional subjects for legislative consideration during the Second Special Session of 1985.
Article IV, Section 8, of the Nebraska Constitution, provides:
The Governor may, on extraordinary occasions, convene the Legislature by proclamation, stating therein the purpose for which they are convened, and the Legislature shall enter upon no business except that for which they were called together.
While the Nebraska Supreme Court has not addressed the question of a Governor's authority to amend the subject matter of his original proclamation calling for a special session, after the Legislature has convened, the Court of Appeals of Kentucky, construing a provision of the Kentucky Constitution substantially similar to Article IV, Section 8, concluded the Governor did possess such power. Stickler v. Higgins, 269 Ky. 260, 106 S.W.2d 1008 (1937). Section 80 of the Kentucky Constitution, the provision construed in Stickler, supra, provided, in pertinent part: "When he [the Governor] shall convene the general assembly it shall be by proclamation, stating the subjects to be considered, and no other shall be considered." Id. at ___, 106 S.W.2d at 1010. Discussing the rationale behind its conclusion that this constitutional provision did not prohibit the Governor from adding to the subjects contained in the original proclamation after the Legislature had convened, the court in Stickler, supra, stated: We feel constrained to say that we should be guided in the determination of the question presented by the rule of common sense and logic and not to allow technical interpretation to prevail. Impelled by such influences, we are unable to see wherein the evident object and purpose of inserting section 80 in our Constitution would be the least impaired by permitting the Governor to add to the subjects contained in his original proclamation by other proclamations — though issued after the extraordinary session convened — any more than such impairment would occur if the later proclamations were issued before the actual convening of the extraordinary session. No sufficient reason is pointed out for the distinction and to our minds it is but an arbitrary one. Being so, we should not set aside solemnly enacted statutes by the Legislature upon such a hypercritical distinction with only such shadowy support, if support at all. Indeed, it is quite possible that the sole reason for the adoption of such constitutional provisions on the subject in hand was to place the directing of legislation at extraordinarily called sessions exclusively in the hands of the Governor in whom is lodged the power and authority to determine when emergency legislation is required for the benefit of the people of the state with reference to urgent matters; the purpose being to empower and compel him to include the field of operations thereat and to thus curb the right of the members to roam at large as they may do at a regular session. Our interpretation preserves to the fullest extent that purpose on the part of the Constitution makers, as well as meeting every other purpose advanced by any court for the adoption of such constitutional provisions, and at the same time encroaches on none of them. Id. at ___, 106 S.W.2d at 1012-13.
Recently, the Court of Appeals of Kentucky reaffirmed the rule announced in Stickler, supra, establishing the Governor's authority to amend the subject matter of his original proclamation. Guenthner v. Brown, 671 S.W.2d 260
(Ky.Ct.App. 1984).
As we noted earlier, the provisions of Article IV, Section8, of the Nebraska Constitution, are substantially similar to the constitutional provision construed by the court in Stickler, supra. While the Nebraska Supreme Court has not specifically addressed the issue of a Governor's authority to amend his proclamation calling the Legislature into special session by adding additional subjects for consideration after the session has convened, we feel the rationale enunciated by the court in Stickler, supra, upholding this power, is sound. Furthermore, our research reveals no authority on the specific question presented which would compel us to reach a contrary conclusion. We therefore conclude that the provisions of Article IV, Section 8, would not preclude you from amending your original proclamation to include additional subjects for legislative consideration during the current special session.
We wish to point out, however, that any such amendment, to be valid under Article IV, Section 8, must be made by proclamation. In Stickler, supra, the court, recognizing the public notice function served by the issuance of the Governor's proclamation, emphasized that it was necessary for the amendment to be submitted by proclamation in order to satisfy the requirements of the pertinent constitutional provision. 269 Ky. at ___, 106 S.W.2d at 1010-12. The purpose of providing notice to the public of the subjects to be considered at the special session through the issuance of the proclamation was recognized by our court in Arrow Club, Inc. v. Nebraska Liquor Control Commission, 177 Neb. 686,131 N.W.2d 134 (1964). Thus, consistent with the requirements of Article IV, Section 8, any amendment to submit additional subjects for consideration by the Legislature must be done by proclamation.
Finally, we wish to emphasize that our opinion is limited solely to the issue of whether a Governor may, after the Legislature has convened in special session, amend the proclamation to add to the subjects contained in the original proclamation. Clearly, a different result may apply if, after the Legislature has convened in special session, a Governor sought to amend the proclamation to remove or withdraw from the Legislature's consideration a subject previously submitted. In this regard, one commentator has stated:
 After the legislature has commenced consideration of a matter entrusted to it by the governor's call, however, it is questionable whether the governor may withdraw the legislature's authority to act on it in order to preclude legislative action which he considers undesirable, since the normal constitutional way for the governor to assert his disagreement with the legislature is by veto. 1 Sands, Sutherland's Statutory Construction, sections 5.03 (4th ed. 1972).
Based on the foregoing, it is our conclusion that the provisions of Article IV, Section 8, of the Nebraska Constitution, would not preclude you from amending your original proclamation to include additional subjects for legislative consideration and action during the Second Special Session of 1985.
Very truly yours,
ROBERT M. SPIRE Attorney General