ARROW CLUB, INC., A NEBRASKA CORPORATION, ET AL., APPELLEES, v. NEBRASKA LIQUOR CONTROL COMMISSION ET AL., APPELLANTS.

131 N. W. 2d 134

Filed October 30, 1964. No. 35803.

Clarence A. H. Meyer, Attorney General, Robert R. Camp, Ralph D. Nelson, and Arlyss W. Spence, for appellants.

Barney, Carter & Buchholz and Herbert M. Brugh, for appellees.

Heard before WHITE, C. J., MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ., and ROBERT L. SMITH, District Judge.

BOSLAUGH, J.

The plaintiffs, Arrow Club, Inc., Anthony M. Alesio, and Eugene L. Cottier, brought this action to declare Legislative Bill 23 enacted by the Seventy-fourth (Extraordinary) Session of the Legislature of Nebraska, 1963, and ordinances Nos. 8261 and 8262 of the City of Lincoln, Nebraska, void and to enjoin their enforcement. The defendants are the Nebraska Liquor Control Commission, its members and secretary, the City of Lincoln, Nebraska, and its mayor.

The trial court found that sections 1, 2, and 4 of L. B. 23 and ordinances Nos. 8261 and 8262, as they relate to bottle clubs, were void and enjoined the defendants from enforcing them against the plaintiffs. The motions for new trial filed by the defendants were overruled and they have appealed.

The background for this litigation is found in legislation enacted by the Seventy-third Session of the Legislature of Nebraska. In 1963 the Liquor Control Act was amended to provide for the licensing of bottle clubs and nonprofit corporations by the Nebraska Liquor Control Commission. Laws 1963, c. 310, p. 918. That act defined a nonprofit corporation as a corporation organized under the laws of this state, not for profit, which had been exempted from the payment of federal income taxes, as provided by section 501 (c) (7) and (8), In-

ternal Revenue Code of 1954. On October 14, 1963, the Governor of Nebraska issued a proclamation calling the Legislature to convene in extraordinary session for the purpose of considering legislation relating to certain subjects, one of which was as follows:

"6. To amend subdivision (21) of section 53-103, Revised Statutes Supplement, 1961, as amended by section 1, Legislative Bill 21, Seventy-third Session, Nebraska State Legislature, 1963, by including those nonprofit corporations which have been exempted from the payment of federal income taxes, as provided by section 501 (c) (4), Internal Revenue Code of 1954, within the definition of a nonprofit corporation, thus redefining non-profit corporations eligible for licensing for the sale of alcoholic liquors for consumption on the premises to include the above described corporations."

At the special session, the definition of a nonprofit corporation as contained in the Liquor Control Act was amended to include corporations exempt from the payment of federal income taxes as provided by section 501 (c) (4), (7), or (8), Internal Revenue Code of 1954. Laws 1963, Spec. Sess., c. 4, p. 66. By a separate bill, L. B. 23, certain provisions of the Liquor Control Act relating to bottle clubs were amended. Laws 1963, Spec. Sess., c. 5, p. 71. The trial court held that sections 1, 2, and 4 of L. B. 23 were void because they did not relate to a subject included in the proclamation which called the Legislature to convene in special session and, therefore, were in violation of Article IV, section 8, of the Constitution of Nebraska. This is the first question that is presented by this appeal.

Article IV, section 8, of the Constitution of Nebraska, provides as follows: "The Governor may, on extraordinary occasions, convene the legislature by proclamation, stating therein the purpose for which they are convened, and the legislature shall enter upon no business except that for which they were called together." Simi-

lar provisions are found in the constitutions of many other states.

It is well established that the Legislature while in special session can transact no business except that for which it was called together. Chicago, B. & Q. R.R. Co. v. Wolfe, 61 Neb. 502, 86 N. W. 441. The proclamation may state the purpose for which the Legislature is convened in broad, general terms or it may limit the consideration to a specified phase of a general subject. The Legislature is free to determine in what manner the purpose shall be accomplished, but it must confine itself to the matters submitted to it by the proclamation.

In Commonwealth ex rel. Schnader v. Liveright, 308 Pa. 35, 161 A. 697, in construing a similar provision in the Constitution of Pennsylvania, the court said: "This constitutional provision contemplates that there shall first exist in the executive mind a definite conception of the public emergency which demands an extraordinary session. His mental attitude or intention is expressed in his proclamation, the purpose of which is to inform the members of the legislature of subjects for legislation, and to advise the public generally that objections may be presented if desired. It is not only a guide or chart with respect to which the legislature may act, but also a check restricting its actions so that rights may not be affected without notice. The proclamation may contain many or few subjects according to the governor's conception of the public need. While the subjects may be stated broadly or in general terms, the special business, as related to the general subject on which legislation is desired, should be designated by imposing qualifying matter to reduce or restrict. Although the subjects should be sufficient to evoke intelligent and responsive action from the legislature, it is not necessary that they include all the methods of accomplishment. The guiding principle in sustaining legislation of a special session is that it be germane to, or within, the apparent scope of the subjects which have been desig-

nated as proper fields for legislation. In construing a call the words of any portion thereof must be interpreted not only as commonly and universally understood, but also as applicable to the subject intended to be affected by legislation.

"While the legislature must confine itself to the matters submitted, it need not follow the views of the governor or legislate in any particular way. Within the special business or designated subjects submitted, the legislature cannot be restricted or dictated to by the governor. It is a free agent, and the governor, under the guise of definition, cannot direct or control its action."

The Legislature while in special session may enact legislation relating to, germane to, and having a natural connection with the purpose for which it was convened. Blackford v. Judith Basin County, 109 Mont. 578, 98 P. 2d 872, 126 A. L. R. 639. The purpose or subject as stated in the proclamation is to be determined by an analysis and construction of the proclamation as in the case of any written instrument. State ex rel. Nat. Conservation Exposition Co. v. Woollen, 128 Tenn. 456, 161 S. W. 1006, Ann. Cas. 1915C 465. The presumption is always in favor of the constitutionality of legislation, and an act should be held to be within the call if it can be done by any reasonable construction.

The legislation in question in this case, L. B. 23, relates to the regulation and operation of bottle clubs. It was enacted by the Legislature while convened in special session to consider amendments to the Liquor Control Act relating to the licensing of nonprofit corporations. Thus, the question is whether the regulation and operation of bottle clubs relates to, is germane to, or has a natural connection with the definition of nonprofit corporations. The question is to be determined by the consideration and analysis of the provisions of the Liquor Control Act.

There is a fundamental difference between a nonprofit

corporation license and a bottle club license under the Liquor Control Act. A bottle club license authorizes the storage and consumption of liquor upon the premises of the licensee by persons who have made their own purchase of liquor. §§ 53-103 and 53-123.08, R. S. Supp., 1963. A nonprofit corporation license is a retail license for the sale of alcoholic liquors, including beer. §§ 53-123 and 53-124, R. S. Supp., 1963. In view of this difference, we think the regulation and operation of bottle clubs does not relate to, is not germane to, and has no natural connection with the definition of nonprofit corporations.

The defendants argue that the purpose or subject of the special session as stated in paragraph 6 of the proclamation was the classification in the Liquor Control Act of those civic leagues or organizations which are exempt from federal income tax under section 501 (c) (4) of the Internal Revenue Code of 1954, and that the Legislature might consider what effect the inclusion of this group in the definition of nonprofit corporations might have upon bottle club licensees. The difficulty with this argument is that the amendment of the definition of nonprofit corporations does not appear to have any effect upon bottle club licensees.

The amendment of the definition of nonprofit corporations enlarged the group which is eligible to apply for a nonprofit corporation license. The effect was cumulative rather than exclusionary. It was not a classification in the Liquor Control Act of the civic leagues and organizations which are exempt from federal income tax under section 501 (c) (4) of the Internal Revenue Code of 1954 in the sense that such organizations are eligible for only a nonprofit corporation license. These organizations are now eligible to apply for a nonprofit corporation license in addition to the other types of licenses for which they may have been eligible previously.

We conclude that sections 1, 2, and 4 of Chapter 5,

Laws 1963, Special Session, did not relate to a subject included in the proclamation which called the Legislature to convene in special session, and that they are; therefore, in violation of Article IV, section 8, of the Constitution of Nebraska, and void.

The validity of ordinances Nos. 8261 and 8262 remains for consideration. These ordinances place several restrictions upon bottle clubs which are not contained in the Liquor Control Act.

The Nebraska Liquor Control Act, as amended, excepts nonprofit corporations and bottle club licensees from restrictions upon the sale or dispensing of alcoholic liquors upon Sunday. § 53-179, R. S. Supp., 1963. Ordinance No. 8262 of the City of Lincoln, Nebraska, prohibits the sale or dispensing of alcoholic liquors upon Sunday by all licensees except nonprofit corporations.

The Liquor Control Act defines a bottle club as follows: "The words bottle club shall mean an operation, whether formally organized as a club having a regular membership list, dues, officers, and meetings or not, keeping and maintaining premises where persons who have made their own purchases of alcoholic liquors congregate for the express purpose of consuming such alcoholic liquors upon the payment of a fee or other consideration, including among other services the sale of foods, ice, mixes, or other fluids for alcoholic drinks and the maintenance of space for the storage of alcoholic liquors belonging to such persons and facilities for the dispensing of such liquors through a locker system, card system, or any other system." § 53-103 (22), R. S. Supp., 1963.

Ordinance No. 8261 of the City of Lincoln, Nebraska, defines a bottle club as follows: "The words 'bottle club' mean an operation organized as a club having a membership committee and a regular membership list, keeping and maintaining premises where persons who have made their own purchases of alcoholic liquors congregate for the express purpose of consuming such alco-

holic liquors upon the payment of a fee or other consideration, including among other services the sale of foods, ice, mixes, or other fluids for alcoholic drinks and the maintenance of space for the storage of alcoholic liquors belonging to such persons and facilities for the dispensing of such liquors through a locker system, or card system; provided, that no person shall be a member of a club until at least five days after submitting his name for membership. Such operation may be conducted by a club as defined in subsection (18) of this section, an individual, partnership, or corporation; as an incident to the operation an accurate and current membership list must be maintained at all times which contains the names and residences of its members, and copies thereof must be filed with the City of Lincoln annually on May 1 and kept available for inspection by duly authorized law enforcement officers and representatives of the Liquor Control Commission. Such club premises shall not be open to the public and shall be available only to club members and their guests."

The trial court found both ordinances, as they relate to bottle clubs, to be inconsistent with existing state laws and, therefore, void.

The City of Lincoln, Nebraska, operates under a home rule charter which authorizes the city to enact ordinances not inconsistent with the laws of the state to maintain the peace, good government, and welfare of the city. Art. 2, Sec. 2, subsection 50, Charter of the City of Lincoln, Nebraska. This court has held that such a provision is sufficient to authorize an ordinance prohibiting the sale of liquor to minors. Bodkin v. State, 132 Neb. 535, 272 N. W. 547.

The problem here is to determine whether the ordinances in question are inconsistent with the statute. Where there is a direct conflict between a city ordinance and a state statute, the statute is the superior law. Phelps, Inc. v. City of Hastings, 152 Neb. 651, 42 N. W. 2d 300. A city ordinance is inconsistent with a statute

if it is contradictory in the sense that the two legislative provisions cannot coexist. State v. Kubik, 159 Neb. 509, 67 N. W. 2d 755. Generally, an ordinance cannot prohibit what the Legislature has expressly licensed, authorized, or permitted. See 37 Am. Jur., Municipal Corporations, § 165, p. 787.

The defendants cite Phelps, Inc. v. City of Hastings, *supra*, as authority that the ordinances in question in this case are not inconsistent with the statute. The ordinance in the Phelps case prohibited the sale of beer and alcoholic liquors other than beer upon the same premises. This court held that the ordinance was valid even though the statute provided for the licensing of the sale of both upon the same premises. Apparently that decision was based upon a specific delegation of authority to municipalities to regulate the sale of beer. In any event, we do not consider the decision in the Phelps case to be controlling in this case.

The effect of ordinance No. 8262 is to prohibit the dispensing of liquor on Sunday by a bottle club licensee while the statute permits that to be done. The effect of ordinance No. 8261 is to prohibit the operation of a bottle club by a licensee who has complied with the requirements of the statute but has not complied with the requirements of the ordinance. We conclude that ordinances Nos. 8262 and 8261 of the City of Lincoln, Nebraska, as they relate to bottle clubs, are inconsistent with the Liquor Control Act and are, therefore, void.

The judgment of the district court is affirmed.

AFFIRMED.