REQUESTED BY: Dear Senator:
You have requested the opinion of this office regarding whether LB 1 is within the Governor's proclamation calling this Special Legislature into session.
Specifically, you have asked whether section 1(1) of LB 1 is outside the call since it places a limitation upon a particular revenue source for a budget rather than an actual limitation on the government budget.
Section 1 of LB 1 amends section 77-1355, 1977 Supp. When you draw our attention to subsection (1) of section 1, we assume you are speaking of subsection (1) of 77-1355. That subsection appears to limit that portion of the budgets of political subdivisions which are funded by ad valorem taxes to an increase of seven per cent except for certain exceptions contained therein, which are not pertinent hereto. We do not agree with the assumption contained in your request that section 1 constitutes a limitation upon a particular revenue source rather than a limitation upon a political subdivision budget. By the terms of subsection 1 that portion of the budget funded by ad valorem taxes is limited. That does not necessarily limit the taxes which could be levied, but merely limits the funds which could be spent. Therefore, we believe that LB 1, section 1, as it amends section 77-1355(1), falls directly within the Call of the Governor.
Even assuming that section 1 of LB 1 does constitute a limitation on revenue sources, however, we believe that that also would fall within the Call of the Governor. It is a well established proposition of law that the Legislature, while in a Special Session, can transact no business except that for which it was called together under Article IV, Section8, of the Constitution of Nebraska. The Supreme Court of Nebraska has stated the test to be applied in determining whether legislation enacted is within the scope of the Call in Arrow Club, Inc. v. Nebraska Liquor Commission,177 Neb. 686, 131 N.W.2d 134 (1964). The court therein stated on page 690:
 "The Legislature while in special session may enact legislation relating to, germane to, and having a natural connection with the purpose for which it was convened. . . . The purpose or subject as stated in the proclamation is to be determined by an analysis and construction of the proclamation as in the case of any written instrument. . . . The presumption is always in favor of the constitutionality of legislation, and an act should be held to be within the call if it can be done by any reasonable construction."
The inevitable effect of limiting government income from taxes is also to in some way limit government expenditures. Therefore, we believe that a limitation upon levying taxes could be constitutionally defended as being within a call to limit government expenditures since it relates to, is germane to, and has a natural connection with that purpose.
In conclusion, it is the opinion of this office that section 1 of LB 1, as it amends section 77-1355(1), is within the proclamation of the Governor calling the Legislature into Special Session and could be constitutionally defended against such an attack.