REQUESTED BY: Dear Senator:
You have requested the opinion of this office concerning the germaneness of L.R. 1 in this special session of the Legislature. L.R. 1 proposes an amendment to Article VIII, section 1, of the Constitution of Nebraska and provides that the same would be placed upon the ballot of the general election in November of 1978. The amendment essentially provides a procedure to be used to equalize assessments among taxpayers in the various counties in the case of political subdivisions which have multicounty assessments wherein one or more of such counties have not completed a general reappraisal of property.
Article IV, section 8, of the Nebraska Constitution provides as follows:
 "The Governor may, on extraordinary occasions, convene the Legislature by proclamation, stating therein the purpose for which they are convened, and the Legislature shall enter upon no business except that for which they were called together."
As is clearly stated by the above constitutional provisions the Legislature may only do such business as is within the purpose stated in the Governor's proclamation to convene the Legislature in special session. Any action taken which is not within this purpose is to no effect. See Arrow Club,Inc. v. Nebraska Liquor Control Commission, 177 Neb. 686,131 N.W.2d 134 (1964). In that case the Nebraska Supreme Court announced the standard required by the Constitution to be as follows on page 689.
 "It is well established that the Legislature while in special session can transact no business except that for which it was called together. . . . The proclamation may state the purpose for which the Legislature is convened in broad, general terms or it may limit the consideration to a specified phase of a general subject. The Legislature is free to determine in what manner the purpose shall be accomplished, but it must confine itself to the matter submitted to it by the proclamation."
The Governor's proclamation of June 5, 1978, convenes the Legislature for the following purpose, in pertinent part:
 ". . . For the purpose of considering and, if deeming it advisable, enacting legislation relating to the following subjects: . . . 2. To enact spending limitations on government budgets."
It is questionable whether the subject matter of L.R. 1 falls within the subject matter described in the Governor's call. The Nebraska Supreme Court has stated the test to be applied in determining whether legislation enacted is within the scope of the call in Arrow Club, Inc. v. Nebraska Liquor Commission, supra, the court therein stated on page 690:
 "The Legislature while in special session may enact legislation relating to, germane to, and having a natural connection with the purpose for which it was convened. . . . The purpose or subject as stated in the proclamation is to be determined by an analysis and construction of the proclamation as in the case of any written instrument. . . . The presumption is always in favor of the constitutionality of legislation, and an act should be held to be within the call if it can be done by any reasonable construction."
It is difficult to see that L.R. 1 has any relation to or natural connection with the purpose of limiting government spending. The essential purpose of L.R. 1 appears to be rather to equalize tax burdens among tax payers in a political subdivision which that this has upon the limitation of that this has upon the limitation or government spending would appear to be only very indirect. Therefore, even giving effect to the presumption in favor of constitutionality, a very serious question exists as to whether the subject matter of this resolution is within the scope of the Governor's call into special session.
In addition, we also refer you to our earlier issued opinion written to Governor Exon. As was concluded therein, a question exists whether it is proper, under the purpose expressed in the Governor's proclamation calling the Legislature into special session, for the Legislature to propose a constitutional amendment. This is true whether done by bill or resolution.
For the reasons expressed herein, it is our opinion that a serious constitutional question is presented as to whether any action by the Legislature on L.R. 1 is proper at this special session since a very strong argument could be mounted that L.R. 1 is business outside of that for which the Legislature was called into session under Article IV, section 8, of the Nebraska Constitution.