REQUESTED BY: Senator Howard Lamb Nebraska State Legislature State Capitol Lincoln, Nebraska 68509
Dear Senator Lamb:
You have submitted a copy of LB 3 of the 1982 Special Session of the Legislature, and have asked our opinion as to whether the subject matter of the bill falls within the Governor's call for the Special Session. We conclude that it does not.
Article IV, Section 8, of the Nebraska Constitution provides: `The Governor may, on extraordinary occasions, convene the Legislature by proclamation, stating therein the purpose for which they are convened, and the Legislature shall enter upon no business except that for which they were called together.'
In Arrow Club, Inc. v. Nebraska Liquor ControlCommission, 177 Neb. 686, 131 N.W.2d 134 (1964), the court, in holding that the legislation involved in that action was void, as not being within the Governor's call, said that the Legislature, while in Special Session, could enact legislation relating to, germane to, and having a natural connection with the purpose for which it was convened.
The Governor's proclamation calling the Legislature into session on November 5, 1982, stated the purpose of the Special Session to be to (1) reduce appropriations approved by the Eighty-seventh Legislature, Second Session, and (2) lapse cash and revolving funds to the state General Fund. By amendment, on November 4, 1982, the Governor added a third purpose, to amend laws relating to the collection of sales tax and use tax, but only for the purpose of providing for an earlier date upon which sales tax and use tax shall become due and payable to the Tax Commissioner.
The question, then, is whether LB 3 is germane to the above purposes. LB 3 would amend Neb.Rev.Stat. § 77-3424
(Reissue 1981). This section is a part of the Political Subdivision Budget Limitation Act of 1979. We will not attempt to fully analyze the operation of that act, but in general it provides for limitations on the increases in anticipated combined receipts which a governing body of a political subdivision may provide for in the adoption of a budget.
Section 77-3424 provides for certain exclusions in the calculation of anticipated receipts from local tax sources. LB 3 provides for an additional exclusion from that calculation, consisting of `funds used to replace reductions in state aid to political subdivisions made by the Legislature after November 1, 1982.'
No doubt it will be argued that the introducer anticipates that one area of reduction of appropriations may be that involving state aid to political subdivisions, and that LB 3 is designed to prevent political subdivisions from being squeezed by the Political Subdivision Budget Limitation Act in trying to replace revenues lost by reason of such reductions. The trouble with such an argument is that the bill is not limited to reductions in state aid made by this Special Session, but would include any reductions made in future years. This clearly is not germane to the Governor's call.
Even if the bill were amended to limit its effect to reductions made during this Special Session, we are unable to understand what the bill is intended to do. As we understand it, `anticipated receipts from local tax sources' has relevance only in connection with making up budgets and levying taxes. The budgets were made up in August of 1982, and the mill levies were set on or before September 15, 1982. We know of no way in which the mill levies can now be increased to make up for a shortage in receipts caused by a reduction in state aid. We are therefore unable to see what LB 3 would accomplish in the way of relieving political subdivisions from the impact of reductions in state aid that may be made by the Legislature in this Special Session.
Very truly yours, PAUL L. DOUGLAS Attorney General Ralph H. Gillan Assistant Attorney General