REQUESTED BY: Senator John DeCamp Senator Chris Beutler Nebraska State Legislature State Capitol Lincoln, NE 68509
Dear Senators DeCamp and Beutler:
You have requested our opinion regarding whether the provisions of LB 2, introduced at the recently convened special session, extend beyond the scope of the Governor's call.
Article IV, Section 8, of the Nebraska Constitution provides:
 The Governor may, on extraordinary occasions, convene the Legislature by proclamation, stating therein the purpose for which they are convened, and the Legislature shall enter upon no business except that for which they were called together.
The last portion of this constitutional provision places an express limitation on the power of the Legislature to act at a special session. In Arrow Club, Inc. v. Nebraska Liquor Control Commission, 177 Neb. 686, 689,131 N.W.2d 134, 137 (1964), the court, discussing this limitation, stated:
It is well established that the Legislature while in special session can transact no business except that for which it was called together. Chicago, B. Q.R.R. Co. v. Wolfe, 61 Neb. 502, 86 N.W. 441. The proclamation may state the purpose for which the Legislature is convened in broad, general terms or it may limit the consideration to a specified phase of a general subject. The Legislature is free to determine in what manner the purpose shall be accomplished, but it must confine itself to the matters submitted to it by the proclamation. The proclamation issued by the Governor states the Legislature has been called into session . . . for the purpose of considering the sole subject:
 1. Transferring $8.5 million plus any accrued interest from Suspense Fund #7999 to the Commonwealth Trust Fund #6191 in order to appropriate that sum, so that tort claim #4-302 identified and approved in LB 713 of the 1st Session of the 89th Legislature may be paid.
The call is specifically limited to the consideration of whether or not the Legislature will act to validly appropriate the funds referred to in LB 713, to allow payment of the tort claim asserted against the state by the Receiver for Commonwealth Savings Company. LB 2, however, contains provisions which, in our opinion, extend beyond the subject matter outlined in the Governor's call. While Section 2 of LB 2 does contain language providing for the appropriation of funds in payment of the tort claim, Section 1 of the bill adds language expressing a legislative intent to essentially disclaim any state liability in connection with the tort claim, and providing that payment of the claim would constitute "full settlement of any and all claims, demands, or causes of action" against the state relating to the Commonwealth matter. In addition, Section 2 of LB 2 imposes a requirement that, before the State Treasurer may disburse the $8.5 million appropriated, the Lancaster County District Court must certify that the appropriation comports with the terms of the settlement agreement approved by the court. Section 3 of LB 2 would repeal the provisions of Section 1 of LB 713.
Based on the foregoing, we must conclude that LB 2 contains provisions which extend beyond the scope of the subject matter outlined in the Governor's call, and is not, in our opinion, authorized business under Article IV, Section8, of the Nebraska Constitution.
The need to call the Legislature into special session was obviously prompted by our recent determination that LB 713 failed to contain certain language essential to the making of a valid and lawful appropriation of state funds. While we recognize the call is worded in a specific manner, we note that this is a unique situation. The clear intent and purpose of the Governor's call is solely to provide the Legislature the opportunity to correct a technical drafting error in the language utilized in LB 713. This is not a case in which the specific nature of the call would operate to unduly restrict the Legislature in enacting substantive legislation of general applicability. Under these circumstances, we feel the scope of the call, limiting consideration to the specific question of whether the Legislature will act to correct this technical error and lawfully appropriate the funds referred to in LB 713, is valid.
Very truly yours,
ROBERT M. SPIRE Attorney General
L. Jay Bartel Assistant Attorney General