REQUESTED BY: Senator Chris Beutler Nebraska State Legislature State Capitol Lincoln, Nebraska 68509
Dear Senator Beutler:
You have requested our opinion concerning whether a number of bills introduced at the recently convened Special Session are within the scope of the Governor's call. In particular, you have asked whether LBs 10, 11, 12, 13, 15, 16, 19, 21, 22, 23, 27, and 34 extend beyond the scope of the call.
Article IV, Section 8, of the Nebraska Constitution provides:
 The Governor may, on extraordinary occasions, convene the Legislature by proclamation, stating therein the purpose for which they are convened, and the Legislature shall enter upon no business except that for which they were called together.
The last portion of this constitutional provision places an express limitation on the power of the Legislature to act at a special session. In Arrow Club, Inc. v. Nebraska Liquor Control Commission, 177 Neb. 686, 689-90,131 N.W.2d 134, 137 (1964), the court, discussing the nature of this limitation, stated:
 It is well established that the Legislature while in special session can transact no business except that for which it was called together. Chicago, B. Q. R.R. Co. v. Wolfe, 61 Neb. 502, 86 N.W. 441. The proclamation may state the purpose for which the Legislature is convened in broad, general terms or it may limit the consideration to a specified phase of a general subject. The Legislature is free to determine in what manner the purpose shall be accomplished, but it must confine itself to the matters submitted to it by the proclamation.
 In Commonwealth ex rel. Schnader v. Liveright, 308 Pa. 35, 161 A. 697, in construing a similar provision in the Constitution of Pennsylvania, the court said: "This constitutional provision contemplates that there shall first exist in the executive mind a definite conception of the public emergency which demands an extraordinary session. His mental attitude or intention is expressed in his proclamation, the purpose of which is to inform the members of the legislature of subjects for legislation, and to advise the public generally that objections may be presented if desired. It is not only a guide or chart with respect to which the legislature may act, but also a check restricting its actions so that rights may not be affected without notice. The proclamation may contain many or few subjects according to the governor's conception of the public need. While the subjects may be stated broadly or in general terms, the special business, as related to the general subject on which legislation is desired, should be designated by imposing qualifying matter to reduce or restrict. . . .
". . . ."
 The Legislature while in special session may enact legislation relating to, germane to, and having a natural connection with the purpose for which it was convened. Blackford v. Judith Basin County, 109 Mont. 578, 98 P.2d 872, 126 A.L.R. 639. The purpose or subject as stated in the proclamation is to be determined by an analysis and construction of the proclamation as in the case of any written instrument. State ex rel. Nat. Conservation Exposition Co. v. Woollen, 128 Tenn. 456, 161 S.W. 1006, Ann. Cas. 1915C 465. The presumption is always in favor of the constitutionality of legislation, and an act should be held to be within the call if it can be done by any reasonable construction. (Emphasis added.)
The Governor's Proclamation called the Legislature into Special Session
 . . . for the purpose of considering and enacting legislation relating to the following subjects:
 1. Reduce appropriations approved by the 89th Legislature, 1st Session;
2. Increase the Drivers Record Abstract fee.
 3. Deposit a portion of the sales tax on motor vehicles in the General Fund.
4. Increase the State Cigarette tax.
 5. Conform State laws with the "Child Support Enforcement Amendments of 1984" as mandated by Public Law 98-378.
6. Reduce or eliminate Fiscal Year 1986-87 budget obligations.
 7. Provide permissive authority for political subdivisions to create group insurance pools.
 8. Provide for a maximum dollar amount to limit the liability of political subdivisions subject to the Political Subdivisions Tort Claims Act.
 9. Provide for the elimination of selected exemptions from the State Sales Tax.
Based on the general guidelines enunciated by the Nebraska Supreme Court in Arrow Club, supra, we will endeavor to respond to your request to determine whether certain specified bills would fall within the above-listed subjects contained in the Governor's call.
Initially, we believe it is appropriate to make some general observations regarding the scope of the Governor's call. The proclamation calling the Legislature into Special Session does not deal with the state budget in general terms, but, rather, only with specific aspects of the budget, such as reductions in appropriations, a fund transfer, and certain specified means of revenue enhancement. In general, the scope of the call precludes the Legislature from expanding the session to consider and enact legislation concerning budgetary or taxing measures other than those specifically addressed in the call.
With respect to LBs 10 and 11, which propose to adopt an increase in the state income tax rate, we refer you to our recent opinion to Senator Warner regarding the propriety of the Legislature considering this subject during the session, a copy of which is enclosed. As we believe this opinion adequately addresses your question as it relates to these two bills, we will not provide any further discussion of the matter in this opinion.
LB 12 provides for the transfer of the balance of the Cash Reserve Fund to the General Fund. Section 2 of the bill would amend Neb.Rev.Stat. sections 77-2602 (Supp. 1985) by directing the portion of the cigarette tax proceeds to be provided to the Cash Reserve Fund through June 30, 1986, be placed instead into the General Fund. LB 19 also proposes to transfer the balance of the Cash Reserve Fund to the General Fund.
In our opinion, neither LB 12 nor LB 19 fall within the scope of the call. Upon examination of the nine specific subjects outlined in the Proclamation, it is our opinion that neither bill is "related to" or "germane to" any subject contained in the call. While LB 12 does amend the manner in which a portion of the proceeds of the state cigarette tax are directed, this would not relate to the subject in the call pertaining to considering legislation to "increase" the cigarette tax. Furthermore, the only fund transfer included in the call is limited to the subject of depositing a portion of the sales tax on motor vehicles into the General Fund.
LB 13 would generally allow out-of-state retailers the option to become licensed to collect and remit Nebraska use tax on sales of tangible personal property delivered to residents of Nebraska. Alternatively, the bill would allow out-of-state retailers to supply a list of Nebraska customers to the State Tax Commissioner.
A review of the subjects in the call demonstrates the provisions of LB 13 are not related to any of the subjects therein. Accordingly, we conclude that consideration of LB 13 is not authorized business under Article IV, Section 8.
LB 15 would amend Neb.Rev.Stat. § 77-2702 (Supp. 1985) to provide a sales tax exemption for occasional sales of agricultural machinery or equipment. LB 23 proposes to amend Neb.Rev.Stat. sections 77-2704 (Supp. 1985) to provide a sales tax exemption for materials and parts used to repair and maintain farm trucks.
The ninth subject outlined in the call relates to providing for the "elimination" of exemptions from the state sales tax. In our opinion, both LB 15 and LB 23, which propose to create additional sales tax exemptions, would be outside the scope of the Governor's call.
Both LB 16 and LB 27 concern the enactment of statutes creating or authorizing two forms of lotteries to be conducted in the state. LB 16 proposes to establish a state lottery. LB 27 proposes to authorize the operation of mechanical lotteries in Nebraska.
In our opinion, neither LB 16 nor LB 27 can be viewed as "related to" or "germane to" any of the subjects contained in the call. Indeed, it is apparent that neither bill bears any relationship to the subjects constituting the purposes for which the Legislature was convened.
LB 21 generally provides for the repeal of the Nebraska Property and Liability Insurance Guaranty Association Act, Neb.Rev.Stat. sections 44-2401 to 44-2418 (Reissue 1984), and the Nebraska Life and Health Insurance Guaranty Association Act, Neb.Rev.Stat. sections 44-2701 to44-2720 (Reissue 1984). While the bill does contain language expressing an intent to repeal these acts in order to aid the Legislature in the appropriation of adequate funds for the 1985-86 fiscal year, we feel this cannot be construed to relate to any of the subjects contained in the call. The bill would not fall within the scope of the first subject of the Proclamation, as it does not serve to "reduce" appropriations, nor is the bill related to any other subjects stated therein.
LB 22 proposes to adopt a Political Subdivision Budget Limit Act. Generally, LB 22 would prohibit the governing body of a political subdivision from adopting a budget statement in which the anticipated combined receipts for the ensuing fiscal year exceed the combined receipts budget base.
The seventh subject listed in the call relates to providing political subdivisions authority to create group insurance pools. The eighth subject concerns providing a maximum dollar amount limit on the liability of political subdivisions subject to the Political Subdivision Tort Claims Act. LB 22, which would establish a Political Subdivision Budget Limit Act, is not sufficiently related to the specific subjects in the call dealing with political subdivisions to be deemed proper business under Article IV, Section 8. While the bill deals generally with political subdivisions, it is not related to the specific subjects of providing the creation of group insurance pools, or of providing a limit to liability under the Political Subdivisions Tort Claims Act.
Finally, LB 34 would generally amend the Nebraska sales tax statutes to provide for the imposition of a sales tax on services. Again, the ninth subject stated in the call relates to providing for the "elimination" of exemptions from the state sales tax. The scope of the call under this subject is limited to consideration of the elimination of specific exemptions, and, therefore, the expansion of the sales tax statutes to include a sales tax on services would not be within the stated scope of the Governor's Proclamation. The enactment of a sales tax on services would not be "related to" or "germane to" the specific subject outlined, that of eliminating present sales tax exemptions.
In your initial letter, you ask us to address what would be the effect of the Legislature's enactment of legislation which does not fall within the purpose of the Special Session as defined by the Governor's call. In Arrow Club, supra, certain portions of a bill enacted during the 1963 Special Session, which the court concluded did not relate to a subject included in the proclamation calling the Legislature into Special Session, were held void as being in violation of Article IV, Section 8. Thus, in response to your question, if, following a court challenge, legislation enacted during the Special Session was determined to be outside the scope of the subjects in the call, such legislation would be declared void by the court as being in violation of the Nebraska Constitution.
Based on the foregoing, it is our conclusion that none of the bills you have asked us to consider are sufficiently "related to" or "germane to" the subjects contained in the Governor's Proclamation to be deemed authorized business under Article IV, Section 8, of the Nebraska Constitution.
Very truly yours,
ROBERT M. SPIRE Attorney General
L. Jay Bartel Assistant Attorney General