REQUESTED BY: Senator Jerome Warner Nebraska State Legislature State Capitol, Room 1000 Lincoln, NE 68509
Dear Senator Warner:
This is in response to your letter of October 17, 1985, in which you ask two questions concerning the scope of the Governor's call for the current special session.
Article IV, section 8 of the Nebraska Constitution provides:
 The Governor may, on extraordinary occasions, convene the Legislature by proclamation, stating therein the purpose for which they are convened, and the Legislature shall enter upon no business except that for which they were called together.
This constitutional provision establishes an express limitation on the power of the Legislature to act during a special session. In Arrow Club, Inc. v. Nebraska Liquor Control Commission, 177 Neb. 686, 689, 131 N.W.2d 134 (1964) the court, discussing this limitation, stated as follows:
 It is well established that the Legislature while in special session can transact no business except that for which it was called together. . . . The proclamation may state the purpose for which the Legislature is convened in broad, general terms or it may limit the consideration to a specified phase of a general subject. The Legislature is free to determine in what manner the purpose shall be accomplished, but it must confine itself to the matters submitted to it by the proclamation.
The court went on to explain this limitation as follows:
 The guiding principle in sustaining legislation of a special session is that it be germane to, or within, the apparent scope of the subjects which have been designated as proper fields for legislation. In construing a call the words of any portion thereof must be interpreted not only as commonly and universally understood, but also as applicable to the subject intended to be affected by legislation.
While the legislature must confine itself to the matters submitted, it need not follow the views of the governor or legislate in any particular way. Within the special business or designated subjects submitted, the legislature cannot be restricted or dictated to by the governor. It is a free agent, and the governor, under the guise of definition, cannot direct or control its action.
The Legislature while in special session may enact legislation relating to, germane to, and having a natural connection with the purpose for which it was convened. (Emphasis added.) Id. at 689-690.
With these principles in mind, we will proceed to answer your specific questions. Your first question pertains to the first item in the Governor's call which is as follows: "Reduce appropriations approved by the 89th Legislature, 1st Session." Your question is, in order to meet the first item of the Governor's call, can the Legislature pass legislation eliminating programs that are otherwise statutorily authorized or required? The elimination of enabling legislation for certain programs, where it is done in conjunction with the reduction or elimination of the appropriations for those programs, would seem to be germane to that portion of the call seeking a reduction in appropriations and has a natural connection with that purpose. Therefore, we would conclude that such legislation would be within the scope of the Governor's call.
Your second question is as follows:
 Can the Governor by his call preclude the Legislature from performing its constitutional duty of forming a state budget as it feels to be proper — specifically, from adjusting tax rates other than those specifically mentioned in the call or taking other actions designed to address the budgetary issue but not in the precise manner proposed by the Governor?
 The Governor's call for the current special session does not deal with the budget in general but only with specific facets of that budget, such as reductions in appropriations, a fund transfer and certain specified revenue enhancement measures. In general, under the tests set forth above, the Legislature would be precluded from considering other budgetary or taxing measures than those specifically addressed in the call. The purpose of raising revenues, other than those measures specifically set forth in the call, and any other budgetary actions, are simply not germane to the specific purposes for which this session was called. Moreover, if the members of the Legislature deem it necessary that such matters be addressed by the Legislature, Neb.Rev.Stat. sections 50-125 (Reissue 1984), sets forth a specific mechanism by which the Legislature may petition the Governor to call a special session for any such purposes as the Legislature may deem necessary.
There is an argument, however, which could be made in order to allow the Legislature to examine the sales and income tax rates after it has acted on the various revenue and appropriation measures contained in the call. This arises from the Legislature's statutory requirement to set the sales and income tax rates under Neb.Rev.Stat. sections77-2715.01(b) (Supp. 1985), which provides as follows:
 The Legislature shall set the rates of the sales tax and income tax so that the estimated funds available plus estimated receipts from the sales, use, income, and franchise taxes will be not less than three per cent nor more than seven per cent in excess of the appropriations and express obligations for the next two succeeding calendar years. The purpose of this subdivision is to insure that there shall be maintained in the state treasury an adequate General Fund balance, considering cash flow, to meet the appropriations and express obligations of the state.
Even under this argument we should first state, consistent with our previous comments, that we do not believe the scope of the call is broad enough for the Legislature to consider any bills standing alone which would raise the sales and income tax rates. This subject by itself is simply not within the scope of the call. However, one could argue that after examining the proposed reductions in appropriations and the proposed increases in revenues contained in the call, and acting upon them, the Legislature would at that point in time be required to exercise its responsibilities under sections 77-2715.01(b) by examining the new levels of appropriations and estimated receipts and setting the sales and income tax rates accordingly. Should the Legislature then determine an adjustment to the sales or income tax rate is necessary, it could so act prior to the close of the special session.
Given the restrictive view which our Supreme Court has taken in interpreting the scope of the Governor's call for a special session, we cannot conclude that such an action would be upheld if challenged in a lawsuit as beyond the scope of the call. Thus, the more prudent course of action, should the Legislature subsequently determine after exhausting the items on the call that a sales or income tax increase is warranted, would be for the Legislature to petition the Governor under sections 50-125 for a special session for that purpose. This would clearly avoid any court challenges that could leave the matter in a state of uncertainty for a matter of months if not years.
Sincerely,
ROBERT M. SPIRE Attorney General
John Boehm Assistant Attorney General