REQUESTED BY: Senator Jerome Warner Nebraska State Legislature State Capitol Lincoln, Nebraska 68509
Dear Senator Warner:
This is in response to your letter of November 6, 1985. In that letter you ask us to reconsider our previous opinion dated October 24, 1985, stating that LB 29 was beyond the scope of the Governor's call in the current special session, in view of an amendment to LB 1. In our opinion of October 24, 1985, we noted simply that "LB 29 would authorize certain public bodies to contract with the Auditor of Public Accounts for their statutorily required audits. Again, this provision is not related or germane to any of the nine specific items contained in the Governor's call and thus would be beyond the scope of the call."
The Legislature has since added an amendment to section 8 of LB 1 concerning the budget of the Auditor of Public Accounts which provides that "It is the intent of the Legislature that the reductions in the appropriation to this program include a reduction of funds reserved to conduct county and other political subdivision audits."
In our opinions concerning the scope of the Governor's call in a special session we have previously quoted from the case of Arrow Club, Inc. v. Nebraska Liquor Control Commission,177 Neb. 686, 131 N.W.2d 134 (1964). The court here stated that "The Legislature while in special session may enact legislation relating to, germane to, and having a natural connection with the purpose for which it was convened." Id. at 690.
The effect of the amendment to LB 1 is to express the Legislature's intention that the Auditor of Public Accounts apply the reduction in his appropriations to the funds that he presently uses to conduct audits of counties and other political subdivisions. The Legislature has not repealed the specific statutory requirements that such audits be conducted, but instead through LB 29, as amended, would clearly shift the burden for the payment of these audits from the Auditor to the counties and educational service units by specifically authorizing them to contract with the Auditor of Public Accounts or private accountants for the performance of these audits. In view of this amendment to LB 1, LB 29 would now appear to be related to, germane to, and having a natural connection with the intended budget reduction for the Auditor of Public Accounts, which would place it within the scope of the Governor's call for the current special session.
Very truly yours,
ROBERT M. SPIRE Attorney General
John Boehm