REQUESTED BY: Senator Chris Beutler Nebraska State Legislature State Capitol, Room 1107 Lincoln, NE 68509
Dear Senator Beutler:
You have requested our opinion concerning whether it would be constitutionally permissible for the Legislature to enact LB 10 during the current special session.
In a previous opinion, we concluded that, based on the principles outlined by the Nebraska Supreme Court in Arrow Club, Inc. v. Nebraska Liquor Control Commission, 177 Neb. 689,131 N.W.2d 134 (1964), the increase in the state income tax rate proposed under LB 10 was outside the scope of the Governor's proclamation for the special session. See Attorney General Opinion No. 135, October 24, 1985. Subsequent to the issuance of this opinion, the Governor issued an amended proclamation, including the subject of considering and enacting legislation to increase the state income tax rate within the call for the current special session. Your specific question concerns whether LB 10, which was introduced prior to the issuance of the Governor's amended proclamation, may validly be considered and enacted by the Legislature, provided the time requirements established by Article III, Section 14, of the Nebraska Constitution, are satisfied.
We have found no authority which would directly preclude the Legislature from validly enacting LB 10 under these circumstances, in conformance with the pertinent constitutional requirements. With the issuance of the Governor's amended proclamation, the subject matter encompassed by LB 10, providing for an increase in the state income tax rate, is clearly within the scope of the call, as required by Article IV, Section 8, of the Nebraska Constitution. Therefore, assuming the time requirements imposed under ArticleIII, Section 14, of the Nebraska Constitution, are satisfied, we perceive no clear constitutional impediment to the enactment of LB 10.
Finally, in response to your inquiry regarding the propriety of the Legislature's consideration and enactment of LB 35, we believe that no constitutional provision would prohibit the Legislature from validly enacting this bill. LB 35, which also proposes to increase the state income tax rate, was introduced subsequent to the Governor's issuance of his amended proclamation, including the subject of raising the income tax rate. Thus, the subject matter of LB 35 clearly falls within the scope of the Governor's amended proclamation. Assuming the time requirements imposed by Article III, Section 14, are satisfied, we believe LB 35 may be enacted in conformance with the pertinent constitutional requirements. Should some members of the Legislature doubt the propriety of enacting LB 10 under the present circumstances, we feel LB 35 provides a clear means for the Legislature to validly act to increase the state income tax rate, should the Legislature choose to do so.
Very truly yours,
ROBERT M. SPIRE Attorney General
L. Jay Bartel Assistant Attorney General