REQUESTED BY: Ken Winters, Nebraska State Fire Marshal
You have requested our opinion on two issues concerning the State Fire Marshal's authority pursuant to Neb. Rev. Stat. § 81-502
(Cum. Supp. 2000). Your first question is whether § 81-502(3) requires local fire prevention personnel to whom authority has been delegated to enforce the state regulations in that community or whether the local fire prevention personnel may enforce other regulations even if those regulations differ from those adopted by the State Fire Marshal.
Neb. Rev. Stat. § 81-502(3) provides as follows:
The State Fire Marshal may delegate the authority set forth in this section to qualified local fire prevention personnel. The State Fire Marshal may overrule a decision, act or policy of the local fire prevention personnel. When the State Fire Marshal overrules the local personnel, such local personnel may follow the appeals procedure established by sections 81-502.01 to 81-502.03. Such delegation of authority may be revoked by the State Fire Marshal for cause upon thirty days' notice after a hearing.
The "authority set forth in this section" includes the authority of the State Fire Marshal to conduct investigations, review plans, promote safety and promulgate rules and regulations. You state that it is your understanding that the State Fire Marshal's statutes and regulations "provide a minimum level of enforcement for delegated authorities," but that cities and towns are free to adopt more stringent regulations or ordinances. You then ask whether this comports with state law. There is no clear answer to your question.
§ 81-502 and the other statutes concerning the State Fire Marshal do not contain any specific provisions as to the relationship between state and local regulations and do not set forth whether local ordinances may be less strict or more strict than the regulations promulgated by the State Fire Marshal. With regard to the delegation of your authority to local governmental entities pursuant to § 81-502(3), this office has written two previous opinions. In Op. Att'y Gen. No. 81-08 (June 3, 1981), this office pointed out that the delegation of authority to qualified local fire prevention personnel was discretionary on the part of the State Fire Marshal and not mandatory. We also stated that local entities are not required to accept that authority. Furthermore, the State Fire Marshal's office can override a decision made by local personnel which it considers to be in error and local personnel may then follow the statutory appeals procedure.
In Op. Att'y Gen. No. 81-10 (June 15, 1981), we stated that the "same principles governing a contract would govern the relationship between you and the local governmental entity. Both would have to agree upon the duties to be performed. Should you not agree, your delegation would not be effective or you could terminate that delegation." It seems to us that a letter of authorization issued to a willing local governmental entity or a written agreement with that entity could set forth the scope of the authority to be delegated and could specifically provide that the state statutes and regulations serve as a minimum standard of enforcement while allowing the local governmental entities to adopt more stringent regulations or ordinances. However, it is our understanding that the current delegations of authority to several local governmental entities across the state are not specific as to the terms or scope of the authority delegated.
We have reviewed the legislative history of a number of legislative bills which have amended § 81-502 over time, but the legislative history is of limited assistance in answering your question. We did find that L.B. 266 was introduced in 1981 to provide for the adoption of a fire safety code for high-rise buildings. Senator Vickers moved to amend L.B. 266 and to change Neb. Rev. Stat. § 81-502 to provide that the State Fire Marshalmay delegate authority to qualified local personnel rather than providing that the State Fire Marshal shall delegate such authority. The Vickers amendment also provided that the Fire Marshal may override decisions made by local personnel. In his brief explanation of the amendment, Senator Vickers explained that the Fire Marshal needed to make certain that all buildings across the State met certain minimum standards established by the State Fire Marshal's office. Floor debate on L.B. 266, 87th, Neb. Leg.,1stSess. 3637-3638 (April 16, 1981).
It has been stated that, as a general rule, local ordinances are inferior and subordinate to the laws of the State. 36 Am.Jur.2d.Municipal Corporations § 374 (1971). However, that authority also states that "[T]he mere fact that the state, in the exercise of the police power, has made certain regulations does not prohibit a municipality from exacting additional requirements. . . . The fact that an ordinance enlarges upon the provisions of a statute by requiring more than the statute requires creates no conflict therewith unless the statute limits the requirement for all cases to its own prescription. Thus, where both an ordinance and a statute are prohibitory, and the only difference between them is that the ordinance goes further in its prohibition but not counter to the prohibition under the statute, and the municipality does not attempt to authorize by the ordinance what the legislature has forbidden or forbid what the legislature has expressly licensed, authorized, or required, there is nothing contradictory between the provisions of the statute and the ordinance because of which they cannot coexist and be effective." § 374 at 408-409.
Your inquiry concerns a potential conflict between the ordinances or regulations of local governmental entities and regulations promulgated by the State Fire Marshal. We first note that regulations properly promulgated under the Administrative Procedure Act have the force of law. NuCor Steel v. Leuenberger,233 Neb. 863, 448 N.W.2d 909 (1989). The Nebraska Supreme Court has set forth principles similar to those expressed in the previous paragraph in State v. Salisbury, 7 Neb. App. 86,579 N.W.2d 570 (1998). In that case the Nebraska Court of Appeals considered whether a Nebraska restitution statute applied where a defendant was convicted of violating a municipal ordinance and ordered to pay restitution. The Court stated that the City of Omaha had statutory authority to enact certain ordinances in the exercise of its police power, but that authority was limited in two situations. First, "[A]lthough a city may enact ordinances criminalizing and punishing conduct, a city may not legislate in a field that the state has preempted." Id at 90, 579 N.W.2d at 573. It does not appear to us that the state has preempted the field of fire prevention as there are several statutes which authorize local governmental entities to adopt a fire prevention code. Neb. Rev. Stat. § 19-922, for example, authorizes any first-or second-class city or village to adopt by ordinance the provisions of a fire prevention code or other codes relating to building. Similarly, Neb. Rev. Stat. § 23-172 authorizes a county board to adopt by resolution the provisions of a fire prevention code or other codes relating to building.
The Nebraska Court of Appeals stated that a city's authority to enact law is also limited when there is a conflict with state law. "In addition, a city may not pass legislation which conflicts, or is inconsistent, with state law . . . an ordinance may not permit or license that which a statute forbids or prohibits and vice versa." Id at 90, 579 N.W.2d at 574. But see Arrow Club, Inc. v.Nebraska Liquor Control Commission, 177 Neb. 686, 131 N.W.2d 134
(1964) (local ordinances which placed several restrictions upon bottle clubs which were not contained in state law were found to be inconsistent and void). These authorities provide some support for your interpretation of the relationship between state regulations and local ordinances. However, whether a court would find that the State Fire Marshal's statutes and regulations provide a minimum level of enforcement and whether a court would find that a local governmental entity could adopt regulations or ordinances different from those promulgated by the State Fire Marshal would depend on the court's factual application of these principles to the particular local and state regulations in question. Therefore, although we have found some support for the rationale which you articulated in your opinion request letter, you may still wish to request appropriate legislation to clarify this issue.
Your second question concerns the Building Construction Act. Neb. Rev. Stat. §§ 71-6401 to 71-6407 (1996). Your letter asks "whether the State Fire Marshal's Office is correct in its position that primary inspection and enforcement guidelines are found in NFPA 101 `The Life Safety Code' and not in the state building code." You mention that you recently received a letter of complaint from a local building inspector. As we have not seen that letter, we are not sure of the exact nature of his complaint. However, as we understand it, your question is whether your staff is required to enforce the state building code or to enforce the regulations promulgated by the State Fire Marshal pursuant to Neb. Rev. Stat. § 81-502.
We first note that the Legislature enacted the Building Construction Act in 1987. That Act created a state building code and adopted, by reference, certain uniform codes as listed in Neb. Rev. Stat. § 71-6403. The primary purpose of the Building Construction Act was to provide some uniformity in building standards across the state. The Act specifically provides at §71-6405 that a state agency may adopt and enforce regulations other than the state building code if specifically authorized to do so. "No state agency may adopt, promulgate, or enforce any rule or regulation in conflict with the state building code unless
other specifically authorized by statute to adopt or enforce a building or construction code other than the state building code." (Emphasis added). The State Fire Marshal is authorized by statute to adopt and enforce various rules and regulations including those listed at § 81-502 (1)(d). The subjects enumerated within this subsection include the prevention of fires, safeguards within a structure necessary to promote safety and reduce loss by fire and the adequacy of exits. § 81-502(5) specifically provides that the rules and regulations adopted may generally conform to standards found in the life safety code promulgated by the National Fire Safety Protection Association. Therefore, in our view, the scope of the State Fire Marshal's authority to adopt and enforce regulations is defined by § 81-502 and not by the state building code. As you have pointed out, the State Fire Marshal's expertise is found within the State Fire Marshal's statutes, including §81-502. We have found no statute which would require the Fire Marshal to enforce the state building code.
Sincerely,
 DON STENBERG Attorney General
 Lynn A. Melson Assistant Attorney General