REQUESTED BY: Senator Chris Beutler Nebraska Legislature
You have requested our opinion as to whether two legislative bills, LB 32 and LB 46, 97th Legislature, Second Special Session, are within the scope of the Governor's call dated July 24, 2002. We received your opinion request on the morning of August 13, 2002, and you requested a response from us by 9:00 A.M. the next day, on August 14, 2002. As a result, our analysis of the issues raised in your request will necessarily be brief, given the time you have allowed us for research and a response.
Art. IV, § 8 of the Nebraska Constitution provides as follows:
 The Governor may, on extraordinary occasions, convene the Legislature by proclamation, stating therein the purpose for which they are convened, and the Legislature shall enter upon no business except that for which they are called together.
We have discussed this constitutional provision in numerous previous opinions, and we have noted that the final portion of art. IV, § 8 places an express limitation on the power of the Legislature to act during a special session. Op. Att'y Gen. No. 89069 (November 9, 1989). That limitation was described in Arrow Club, Inc. v. Nebraska Liquor Control Commission, 177 Neb. 686, 131 N.W.2d 134, 137 (1964):
 It is well established that the Legislature while in special session can transact no business except that for which it was called together. The proclamation may state the purpose for which the Legislature is convened in broad, general terms or it may limit the consideration to a specified phase of a general subject. The Legislature is free to determine in what manner the purpose shall be accomplished, but it must confine itself to the matters submitted to it by the proclamation.
(Citations omitted). While the court in Arrow Club noted the express constitutional limitation on the power of the Legislature to act in a special session, it also stated:
 While the Legislature must confine itself to the matters submitted, it need not follow the views of the governor or legislate in any particular way. Within the special business or designated subjects submitted, the legislature cannot be restricted or dictated to by the governor. It is a free agent, and the governor, under the guise of definition, cannot direct or control its action. The Legislature while in special session may enact legislation relating to, germane to, and having a natural connection with the purpose for which it was convened. . . . The presumption is always in favor of the constitutionality of legislation, and an act should be held to be within the call if it can be done by any reasonable construction.
Id. at 689-90, 131 N.W.2d at 137. (Emphasis added).
The final reading version of LB 32 would reduce the collection fees retained by retailers for collection of sales taxes in Nebraska, and incidently reduce the collection fees for lodging and tobacco products taxes in Nebraska. That bill would also eliminate the $10 permit fee charged to retailers for issuance of a permit in connection with the collection of those taxes. The final reading version of LB 46 would reduce the discount available to cigarette wholesalers who stamp cigarette packages in the process of imposing state taxes on cigarettes. Both bills would generally increase revenues available to the State of Nebraska, not by increasing taxes or fees, but by reducing the share of state tax revenues received by retailers and cigarette wholesalers for collecting or imposing state taxes. The actual language of both bills would result in increased revenues directly in the State's General Fund. In addition, it is our understanding that various State cash funds would also receive additional revenues under the bills, either as a result of a transfer from the General Fund, or as a result of the incidental effects of the bills.
The Governor's legislative call proclamation dated July 24, 2002, contains 26 separate paragraphs, and the individual items in that call range from the general to the specific. It seems to us that one portion of that call has particular application to the present issue. Paragraph 4 of the call provides that the Legislature is to convene "[t]o authorize, increase or make certain transfers to the State General Fund or the Nebraska Capital Construction Fund."
It can be argued that the provisions for increased revenues to be placed in the State's General Fund on the face of LB 32 and LB 46 constitute an increase in transfers to that fund under Paragraph 4 of the call, inasmuch as the monies coming to that fund under those bills would be tax monies already belonging to the State which are, in effect, "transferred" to the State's General fund by reducing the amount received by the entities collecting the taxes. Moreover, any direct transfers to other cash funds as a result of those bills are only incidental to their express language, and appear related to Paragraph 4 of the call. Therefore, we cannot say, on balance, that either LB 32 or LB 46 is not within the scope of the Governor's call.[1]
Our conclusion is supported by a communication which we have received from the Governor. As the Nebraska Supreme Court noted with approval in Arrow Club:
 This constitutional provision contemplates that there shall first exist in the executive mind a definite conception of the public emergency which demands an extraordinary session. His mental attitude or intention is expressed in his proclamation . . . The guiding principle in sustaining legislation of a special session is that it be germane to, or within, the apparent scope of the subjects which have been designated as proper fields for legislation. In construing a call the words of any portion thereof must be interpreted not only as commonly and universally understood, but also as applicable to the subject intended to be affected by the legislation.
177 Neb. at 689-90, 131 N.W.2d at 137.
It if firmly established in Nebraska law that if a legislative bill is ambiguous, a court may examine the legislative history (such as the introducer's statement of intent and floor debate) to determine the Legislature's intent. Coleman v. Chadron State College, 237 Neb. 491,466 N.W.2d 526 (1991). We are of the opinion that a similar rule regarding the Governor's intent would apply to interpretation of a Governor's proclamation for a special session, if the Governor's proclamation appeared to be ambiguous on a particular point.
Upon our inquiry, we received a letter from the Governor dated August 13, 2002, which states as follows: "At your request, I have reviewed both of the above-referenced legislative bills [LB 32 and LB 46]. In my view, both of these legislative measures assist in accomplishing the purposes for which I convened the current Second Special Session of the Nebraska Legislature. If passed by the Legislature, I will sign both bills into law."
In our opinion, the Governor's letter strengthens our conclusion that LB 32 and LB 46 are appropriate subjects of legislation pursuant to the Governor's Proclamation of July 24, 2002.
Sincerely yours,
 DON STENBERG Attorney General
 Dale A. Comer Assistant Attorney General
Approved by:
_________________________________ Attorney General
cc. Patrick O'Donnell Clerk of the Legislature
[1] We would note that the eliminated tax permit fees in LB 32 would actually result in a reduced transfer to the State's General Fund with respect to that section of the bill. However, we believe that the reduction in revenues involved in that portion of the bill, which is very small compared to the bill's total increase in revenues, would be subsumed within the bill's general and overall purpose to increase transfers to the General Fund.